525 So.2d 348 (1988)
FIDELITY & GUARANTY INSURANCE COMPANY
v.
SUCCESSION OF James Q. SMITH a/k/a James Smith, Sr., et al.
No. CW 87 1613.
Court of Appeal of Louisiana, First Circuit.
April 19, 1988.
*349 James B. Supple, Bauer, Darnall & Boudreaux, Franklin, for petitioner.
Leo J. Landry, Jr., Judycki & Landry, Morgan City, for Richard Williams, II, et al.
Charles R. Prevost, Michael Thomas, Thomas & Thomas, Franklin, for Mrs. Pauline Williams Thomas, tutrix of the minor James Q. Smith, Jr.
Clyde R. Simien, Simien & Miniex, Lafayette, for Taulton Mouton, an unemancipated minor with no legal representative and Dawn Mouton, an unemancipated minor child with no legal representative.
Lawrence A. Arcell, Barker, Boudreaux, Lamy & Foley, New Orleans, for Donald McPherson, et al.
John W. Perry, Jr., Mathews, Atkinson, Guglielmo, Marks & Day, Baton Rouge, for Trinity Co.
David A. Hurlburt, Hurlburt, Privat & Monrose, Lafayette, for Viking Gen. Ins. Co. and Johnye M. Hamilton. Jarvis J. Claiborne, Opelousas, for Loretta Smith.
Before SHORTESS, LANIER and CRAIN, JJ.
LANIER, Judge.
This action is a concursus proceeding filed by the liability insurer of an alleged tort-feasor. Impleaded as parties are all potential tort claimants and a potential solidary tort-feasor and her insurer. The potential solidary tort-feasor and her insurer filed a dilatory exception raising the objection of prematurity and a peremptory exception raising the objection of no cause of action. The trial court overruled both exceptions. The potential solidary tort-feasor and her insurer applied to this court for supervisory relief. This court issued a writ of certiorari to review the rulings of the trial court. Herlitz Construction Company, Inc. v. Hotel Investors of New Iberia, Inc., 396 So.2d 878 (La.1981).

FACTS
No evidence may be introduced at any time to support or controvert the objection that the petition fails to state a cause of action. La.C.C.P. art. 931. The objection of no cause of action is tried on the face of the petition with all factual allegations contained therein accepted as true. McGowan v. Ramey, 484 So.2d 785 (La.App. 1st Cir. 1986).
On the trial of the objection of prematurity raised in the dilatory exception, evidence may be introduced to support or controvert the objection, when the grounds for the objection do not appear from the petition. La.C.C.P. art. 930. No evidence was introduced at the trial of this dilatory exception. In the absence of evidence, the objection of prematurity must be based upon the facts alleged in the petition and the exception, and all allegations thereof are accepted as true. Cf. Capital Drilling Company v. Graves, 496 So.2d 487 (La. App. 1st Cir.1986).
The pertinent facts alleged in the petition are as follows:
II.
On or about February 7, 1987 at approximately 5:00 a.m., Drew A. Minor was operating a 1984 Chevrolet Camero two door vehicle, Louisiana license numbered 195C360, which vehicle was owned by Gerald Minor and which vehicle was being operated by Drew A. Minor in a Westerly direction on Louisiana Highway 182 approximately l/10th of a mile from its intersection with Louisiana Highway 3211.
III.
On the same date, place and time and travelling in the same direction but behind *350 the vehicle driven by Drew A. Minor was the vehicle driven by Johnye M. Hamilton, a 1984 Chevrolet Chevette, four door, Louisiana license no. 3131970.
IV.
At the same date, place and time, James Q. Smith a/k/a James Smith, Sr. and Paulette Thomas Mouton a/k/a Paulette Smith were occupying and/or fighting on or near Louisiana Highway 182 on or near the lane of travel of the vehicles driven by Drew A. Minor and Johnye M. Hamilton.
V.
At the same date, place and time, through information and belief, Donald McPherson and Odessa Williams attempted to assist Paulette Thomas Mouton a/k/a Paulette Smith to her feet and/or stop James Q. Smith a/k/a James Smith, Sr. and Paulette Thomas Mouton a/k/a Paulette Smith from fighting when they were struck by the vehicle driven by Drew A. Minor. After James Q. Smith a/k/a James Smith, Sr., Paulette Thomas Mouton a/k/a Paulette Smith, Donald McPherson and Odessa Williams were struck by the vehicle driven by Drew A. Minor, through information and belief either one or all of them were again struck [by] the vehicle driven by Johnye M. Hamilton.
VI.
As a result of these collisions, James Q. Smith a/k/a James Smith, Sr., Paulette Thomas Mouton a/k/a Paulette Smith and Odessa Williams died.
VII.
As a result of the collision, Donald McPherson received personal injuries.
VIII.
On or about February 7, 1987, your petitioner, Fidelity & Guaranty Insurance Company, had in full force and effect a policy of public liability automobile liability insurance naming Gerald Minor as its insured, which policy is numbered 6DPA175090375 which policy is referred to herein by reference as if pled in extenso.
IX.
The heirs, surviving spouses and/or surviving parents and/or surviving children of James Q. Smith a/k/a James Smith, Sr., Paulette Thomas Mouton a/k/a Paulette Smith and Odessa Williams, as well as Donald McPherson and his spouse and children all have claims against your petitioner under the direct action statute of this State for the proceeds of the policy limits of the policy of USF & G issued in favor of Gerald A. Minor as stated in paragraph VIII hereinabove, for their damages, wrongful death and survival actions (as the case may be).
X.
Your petitioner shows that the total limit of its policy naming Gerald Minor as an insured is $100,000.00 and that it hereby admits its liability to all of the defendants for the full amount of its insurance coverage and desires leave of Court to deposit the amount thereof, ONE HUNDRED THOUSAND AND NO/100 ($100,000.00) DOLLARS, into the Registry of the Court, and to implead the defendants named herein to assert their respective claims to these funds, contradictorily with one another.
. . . .
XXI.
Your petitioner further avers that there are conflicting claims to the proceeds of the $100,000.00 policy issued by your petitioner as noted hereinabove between the four groups of claimants and there is a potential claim for indemnification and/or contribution that can be made by Johnye M. Hamilton should she be deemed to be liable to any or either of the McPherson group, Smith group, Mouton group or Williams group.

*351 XXII.
Your petitioner further avers that, at all material times, defendant, Viking General Insurance Company, had in full force and effect a policy of public automobile liability insurance issued in favor of Johnye M. Hamilton insuring her for any and all liability she may have for the operation of her vehicle up to the amount of said policy and, as such, Viking General Insurance Company, pursuant to that policy, may be liable to any and all of the McPherson group, Williams group, Smith group and Mouton group and, as such, will have a claim for contribution and/or indemnification from your petitioner.
XXIII.
Through information and belief, at the time of the filing of this concursus petition, no suit has yet to be brought by any party against your petitioner and, to avoid the danger of multiple litigation and the possibility of double liability, your petitioner desires to implead all of the defendants and to require them to assert their respective claims to the amount of the policy referred to hereinabove, contradictorily against your petitioner and against one another.

AUTHORITY TO IMPLEAD A POTETIAL SOLIDARY TORT-FEASOR IN A CONCURSUS FILED BY A CASUALTY INSURER[1]
Hamilton and Viking General Insurance Company (Viking) contend Fidelity & Guaranty Insurance Company (FGIC) has no cause of action to make them parties defendant in a concursus proceeding because their claims and the claims of the potential tort plaintiffs for the money deposited by FGIC are not competing or conflicting. FGIC responds that Hamilton and Viking have a potential claim against FGIC for contribution and this is a competing or conflicting claim for the purpose of a concursus proceeding. The objection of no cause of action raised in a peremptory exception tests the legal sufficiency of the petition; it is sustained only where the law affords no remedy to the plaintiff under the allegations of the petition. La.C.C.P. arts. 927(4) and 931; Community Coffee Company, Inc. v. Tri-Parish Construction & Materials Inc., 490 So.2d 1109 (La. App. 1st Cir.1986).
Hamilton and Viking contend impleading them in the concursus proceeding is premature because (1) no suits have been brought against them by any potential claimants, (2) no determination has been made as to proper parties plaintiff, and (3) no determination has been made of liability with respect to the involvement of Hamilton. A suit is premature when the cause of action upon which it is based has not come into existence because some prerequisite condition has not been fulfilled. Ciaccio v. Cazayoux, 519 So.2d 799 (La.App. 1st Cir.1987). Prematurity is determined by the facts existing at the time suit is filed. Sevier v. United States Fidelity & Guaranty Company, 497 So.2d 1380 (La.1986).
A concursus proceeding is defined in La. C.C.P. art. 4651 as follows:
A concursus proceeding is one in which two or more persons having competing or conflicting claims to money, property, or mortgages or privileges on property are impleaded and required to assert *352 their respective claims contradictorily against all other parties to the proceeding.
La.C.C.P. art. 4652 provides, in pertinent part, as follows:
Persons having competing or conflicting claims may be impleaded in a concursus proceeding even though the person against whom the claims are asserted denies liability in whole or in part to any or all of the claimants, and whether or not their claims, or the titles on which the claims depend, have a common origin, or are identical or independent of each other.
Persons claiming damages for wrongful death or for physical injuries may be impleaded in a concursus proceeding by a casualty insurer if the insurer admits liability for the full amount of its insurance coverage and deposits this sum into the registry of the court. La.C.C.P. art. 4652; Wright v. Romano, 279 So.2d 735 (La.App. 1st Cir.), writs denied, 281 So.2d 757 and 758 (La.1973). In Asian International, Ltd. v. Merrill Lynch, Pierce, Fenner and Smith, Inc., 435 So.2d 1064, 1067 (La.App. 1st Cir.1983), this court discussed a concursus proceeding as follows:
The primary purpose of this remedial proceeding is to protect the stakeholder from multiple liability, from conflicting claims, and from the vexation attending involvement in multiple litigation in which the stakeholder may have no direct interest.... Concursus contemplates a proceeding which leads to a single judgment adjudicating all issues between the parties.... In a concursus proceeding, the jurisdiction of the court is limited to disposing of the funds on deposit and relieving the stakeholder from further liability to the impleaded claimants arising out of or as a result of the stakeholder's ownership or possession of the fund....
The articles of the Louisiana Code of Civil Procedure governing concursus suits are to be construed liberally and given a broad application.
See also L. Sarpy, Concursus: Interpleader in Louisiana, 35 Tul.L.Rev. 531 (1961); Comment, Distribution of a Limited Insurance Fund to Multiple Claimants, 22 La.L.Rev. 214 (1961).
Pursuant to La.C.C.P. arts. 4651 and 4652, FGIC has a right to implead all persons who have claims against its funds on deposit. Whether or not these claims have a common origin, or are identical or independent of each other, is immaterial. La.C.C.P. art. 4652. These statutes do not require as prerequisites for the concursus that suits be filed by potential claimants, a "determination ... as to proper parties plaintiff" or "any determination of liability" of a potential claimant. In fact, La.C. CP. art. 4652 provides a claimant cannot be impleaded if his claim has been reduced to judgment. Hamilton and Viking are claimants within the purview of La.C.C.P. arts. 4651 and 4652 because, under the uncontested facts alleged in the concursus petition, Hamilton struck one or more of the tort victims with an automobile, Viking insured Hamilton, Hamilton and Viking may be liable with FGIC to the tort victims and, thus, could have a claim for contribution against FGIC. A concursus proceeding contemplates litigation of rights which may accrue in the future. Cf. Fidelity Bank v. Commonwealth Marine and General Assurance Company, Ltd., 581 F.Supp. 999 (E.D.Pa.1984). The objection of prematurity is without merit.
The main issue in this case is whether a claim for contribution by a solidary tort-feasor competes or conflicts with the claims of tort victims in a concursus proceeding. To answer this question, we must consider what factual scenarios could occur if the solidary tort-feasor was not made a party to the concursus. The tort victims could file individual suits in the various authorized venues against the solidary tortfeasor who could then third party the plaintiff in the concursus proceeding for contribution. If any suit by a tort victim against the solidary tort-feasor went to judgment first, the joint tort-feasor would have an executory judgment for contribution against the plaintiff in the concursus proceeding, provided he ultimately paid more than his pro rata share of the total damage award to that tort victim. This judgment could be executed against the plaintiff in the concursus proceeding. More than one *353 such judgment could become executory prior to judgment in the concursus proceeding. Such a result does not avoid multiple litigation and does not lead to a single judgment adjudicating all issues. For these reasons, and because the procedural rules governing concursus proceedings should be liberally construed, we conclude that the claim of a solidary tort-feasor for contribution is a conflicting or competing claim with those of tort victims for the purpose of a concursus proceeding.[2] The objection of no cause of action is without merit.
The judgment of the trial court correctly overruled the dilatory and peremptory exceptions.[3]

DECREE
For the foregoing reasons, the writ of certiorari previously issued herein is recalled and the supervisory relief requested is denied. Relators are cast for the cost of this supervisory action.
WRIT OF CERTIORARI RECALLED.
SHORTESS, J., dissents with a statement.
SHORTESS, Judge, dissenting.
The alleged claim of a solidary tort-feasor for contribution is not the type of conflicting and competing claim that should subject Hamilton and Viking to this concursus proceeding.
I respectfully dissent.
NOTES
[1] The authority of a party to institute a concursus proceeding has been challenged via the procedural vehicles of an objection of no cause of action [Quintana Petroleum Corporation v. Parish of Iberville, 491 So.2d 82 (La.App. 1st Cir. 1986)], an objection of no right of action [Pearson Distributors, Inc. v. St. Tammany Motors, Inc., 417 So.2d 415 (La.App. 1st Cir.1982)], and objections of improper cumulation of actions, improper joinder of persons and improper venue [Lent, Incorporated v. Lemel Steel Fabricators, Inc., 340 So.2d 1035 (La.App. 1st Cir. 1976), writ denied, 343 So.2d 1075 (La. 1977)]. Pleadings should be governed by their substance and not by their captions. La.C.C.P. art. 862; Bryant v. Middlebrooks, 486 So.2d 188 (La.App. 1st Cir. 1986). The substance of the objections raised by Hamilton and Viking is that it is an unauthorized use of a concursus proceeding to make them parties defendant herein because their claim for contribution does not compete or conflict with the claims of the alleged tort victims (and/or their survivors and representatives). An objection of unauthorized use of a concursus proceeding would be analogous to the objection of unauthorized use of a summary proceeding which may be raised in the dilatory exception. La.C.C.P. art. 926(3).
[2] Hamilton and Viking are called upon in this concursus proceeding to assert their claim for contribution against FGIC. The basic purpose of this concursus proceeding is to distribute the proceeds which represent the limits of FGIC's policy and relieve FGIC of further liability. If Hamilton and Viking do not wish to participate in the proceeds of FGIC's policy, they can disclaim any interest in the fund and be relieved of standing in the concursus. Cf. Savage v. First National Bank and Trust Company of Tulsa, 413 F.Supp. 447 (N.D.Okla.1976); Helis v. Vallee, 34 F.Supp. 467 (E.D.La.1940).
[3] In brief Hamilton and Viking contend that requiring them to participate in this concursus proceeding will deprive them of their constitutional right to a jury trial. There is no constitutional court under the constitutions of the United States or the State of Louisiana. Rudolph v. Massachusetts Bay Insurance Co., 472 So.2d 901 (La.1985). La.C.C.P.art. 1732(3) provides a civil jury trial shall not be available in a concursus proceeding. Objections of prematurity and no cause of action do not properly raise the issue of the constitutionality of La.C.C.P.art. 1732 on the face of the pleadings herein.