541 So.2d 272 (1989)
Barbara GAUCHET, et al.
v.
CHEVRON U.S.A. INC.
No. 89-C-0314.
Court of Appeal of Louisiana, Fourth Circuit.
March 14, 1989.
Patrick A. Talley, Jr., Len R. Brignac, Mary Susan Judlin, New Orleans, for relator.
Charles Smith, Gretna, for respondent.
Before CIACCIO, WARD and PLOTKIN, JJ.

ORDER
PLOTKIN, Judge.
The issue in this writ application is whether the defendant, Chevron U.S.A. Inc., is entitled to a jury trial, which was denied by the District Court.
Plaintiffs are the heirs of Leon Puissegur, who drowned. They filed suit against relator Chevron, requesting a jury trial. In their pleadings, they alleged causes of action under the Jones Act, General Maritime Law, Admiralty Law and, alternatively, La. C.C. art. 2315. The plaintiffs filed a motion to strike the jury based on La.C.C.P. art. 1732, which was amended in 1988. This motion was granted and the defendant timely moved to demand the jury trial, which was denied, on the grounds that neither party is entitled to a jury trial pursuant to C.C.P. art. 1732, which provides in part, as follows:
A trial by jury shall not be available in:
(6) A suit on an admiralty or general maritime claim under Federal Law that is brought in State Court under a federal "saving to suitors clause" if the plaintiff has designated that suit as an admiralty or general maritime claim.
Plaintiffs have alleged four different causes of action. Jury trials are not *273 available under two of those causes of action, the admiralty and general maritime claims. However, the plaintiffs are entitled to a jury trial under the remaining two causes of action, the Jones Act and state wrongful death claims. The Jones Act claim is not an action in admiralty, it is an action at law with the right to trial by jury. 46 U.S.C.App. Sec. 688. Therefore, art. 1732, does not restrict the right to trial by jury in Jones Act or C.C. art. 2315 claims.
Federal law authorizes jury trials in cases involving mixed maritime and Jones Act theories of recovery. Fitzgerald v. U.S. Lines Co., 374 U.S. 16, 83 S.Ct. 1646, 10 L.Ed.2d 720 (1963); Cruz v. Hendy International Co., 638 F.2d 719 (5th Cir. 1981); Smith v. Transworld Drilling Co., 773 F.2d 610 (5th Cir.1985).
Therefore, under C.C.P. art. 1733(C), when the plaintiff waived the jury trial and the defendant timely requested that right, the relator was entitled to a trial by jury.
The issue of the retroactivity of C.C.P. art. 1732 was recently addressed by this Court in Adams v. Chevron U.S.A. and Gulf Marine Transportation, Inc., No. 89-C-0116 (Feb. 1, 1989), wherein we held that the 1988 amendment to C.C.P. art. 1732 is a substantive change in the law and should not be applied retroactively to suits filed prior to the effective dates of the amendment.
Therefore, in addition to the reasons stated earlier, when this suit was filed, the plaintiffs were entitled to a trial by jury, which inured to the defendant, when waived by the plaintiff.
We vacate the trial court's order denying Chevron the right to trial by jury and grant same, and remand for further proceedings.