543 So.2d 1135 (1989)
David FORD
v.
McDERMOTT INCORPORATED.
No. CW 88 1982.
Court of Appeal of Louisiana, First Circuit.
May 16, 1989.
*1136 Louis J. St. Martin, Houma, for plaintiff and appelleeDavid Ford.
Louis Simon, Lafayette, for defendant and appellantMcDermott Inc.
Before WATKINS, CRAIN and ALFORD, JJ.
ALFORD, Judge.
This case came before this court on a writ of certiorari which was granted to consider the issue of whether a 1988 amendment of La.C.C.P. art. 1732 should be applied retroactively to preclude the defendant, McDermott Incorporated, from having a jury trial in a general maritime law suit filed prior to the effective date of the amendment. The trial judge applied the amendment retroactively and granted plaintiff's motion to strike the jury trial.
On September 21, 1987, David Ford filed a petition in the Thirty-Second Judicial District Court against McDermott. Mr. Ford claimed he was a seaman under the Jones Act, and that his claim was based on both federal statutory and general maritime law. McDermott answered and requested a jury trial, which was granted. McDermott timely posted bond in the amount ordered by the trial judge.
In July of 1988, the Louisiana legislature passed Act 147 of 1988 which amended La.C.C.P. art. 1732 concerning limitations on jury trials. The legislature added subsection six so that the article now reads in pertinent part:
A trial by jury shall not be available in:
* * * * * *
(6) A suit on an admiralty or general maritime claim under federal law that is brought in state court under a federal "savings to suitors" clause, if the plaintiff has designated that suit as an admiralty or general maritime claim.
The amendment became effective on September 9, 1988. Shortly thereafter, on October 7, 1988, Mr. Ford filed an ex parte motion to strike the jury trial. The trial judge granted the motion, thereby applying Act 147 retroactively. McDermott filed a motion requesting the court to reconsider its ruling, and after a contradictory hearing, the court denied McDermott's motion. McDermott then applied for writs to this court.
It is without question that prior to the 1988 amendment, McDermott had a right to trial by jury in state court. La.C.C.P. art. 1731 provides that except as limited by La.C.C.P. art. 1732, there is a right to jury trial in civil cases. At the time suit was filed in the instant case, La.C.C.P. art. 1732 contained no prohibition against jury trials in maritime cases. Jurisprudentially, it had been determined that, under the "Savings to Suitors" clause of 28 U.S.C.A. § 1333, parties had a right to trial by jury in state court if the plaintiff could have brought a general civil suit in federal civil district court because of complete diversity of citizenship and if the amount in question exceeded the amount required for federal court jurisdiction. Lavergne v. Western Company of North America, Inc., 371 So. 2d 807 (La.1979). Clearly then, both plaintiff and defendant in the instant case had a right to a state court jury trial at the time suit was filed since the plaintiff alleged Louisiana residency, non-residency of the defendant corporation and damages in the amount of $5,000,000.
Therefore, in order to deprive McDermott of its right to jury trial, the 1988 amendment of La.C.C.P. art. 1732 must be determined to be procedural or interpretive, rather than substantive. Under La.C. C. art. 6, substantive laws apply prospectively only, whereas procedural and interpretive laws apply both prospectively and *1137 retroactively, unless there is a legislative expression to the contrary.
McDermott cites Cambridge Corner Corporation v. Menard, 525 So.2d 527 (La. 1988), in support of its argument that the amendment is substantive in nature and should be applied prospectively only. Mr. Ford cites Lavergne in support of his argument that a jury trial for maritime law litigants in state court is procedural in nature and should be applied retroactively.
While this issue is res nova in this circuit,[1] we feel that the Supreme Court addressed this point in Cambridge in regard to another amendment to La.C.C.P. art. 1732, when it stated:
Article 1732 is not an interpretive law and we cannot say that it is merely procedural either. Article 1731 and the exceptions in art. 1732 are more than just procedural rules. Article 1731 statutorily grants a right to a trial by jury in all civil cases except as limited by art. 1732. The jurisprudence has also established that "the right of a litigant to jury trial is fundamental in character and the courts will indulge in every presumption against a waiver, loss of forfeiture thereof." Champagne v. American Southern Insurance Co., 295 So.2d 437 (La. 1974). The amendment to art. 1732(1) raising the amount in dispute to $20,000 is substantive in nature and therefore shall apply only to suits that were filed on or after September 1, 1987. Since this case was filed on July 9, 1986, the $10,000 amount in dispute applies here. 525 So.2d at 530 and 531.
We will follow the principles set forth in Cambridge, not only because that is the latest expression by the Supreme Court, but also because the Cambridge case is more analogous to the instant case. Lavergne dealt with whether the litigants could have a jury trial in the first place, rather than with whether a litigant who possessed a statutorily granted right to a jury trial could be deprived of that right retroactively. Cambridge examined this exact question and ruled that an amendment concerning an exception to the statutorily granted right to jury trial is substantive in nature and can be applied prospectively only.
Therefore, in keeping with the Cambridge decision, we find that the trial judge erred in retroactively applying the amendment to La.C.C.P. art. 1732 to strike McDermott's trial by jury. We vacate the trial court's order and remand for further proceedings. All costs of this writ are to be borne by Mr. Ford.
WRIT OF CERTIORARI GRANTED AND MADE PEREMPTORY.
NOTES
[1] Our brethren in the fourth circuit have recently held that the 1988 amendment to La.C.C.P. art. 1732 is a substantive change in the law and should not be applied retroactively to suits filed prior to the effective date of the amendment. Gauchet v. Chevron U.S.A. Inc., 541 So.2d 272 (La.App. 4th Cir.1989).