558 So.2d 1244 (1990)
Bruce HEINHUIS, et al.
v.
VENTURE ASSOCIATES, INC. OF LOUISIANA, et al.
Nos. 89 CW 1236, 89 CW 1258 and 89 CW 1282.
Court of Appeal of Louisiana, First Circuit.
February 21, 1990.
Writ Denied April 16, 1990.
*1245 Stephen M. LaRussa, Houma, for plaintiffs and appellees, Bruce Heinhuis, et al.
Stephen C. Carleton, New Orleans, for defendant and appellee, Chevron U.S.A.
Timothy F. Burr, New Orleans, for defendant and appellee, Venture Associates, Inc.
W. Gerald Gaudet, Lafayette, for defendant and appellee, Norman Offshore Pipelines, Inc.
Before COVINGTON, C.J., and WATKINS and SHORTESS, JJ.
WATKINS, Judge.
This case presents the question of whether a plaintiff loses his statutory right to elect a nonjury trial in an admiralty-general maritime case when he incorporates within his suit a demand against his employer under the Jones Act (46 U.S.C.App. § 688) and an allegedly land-based action for personal injuries.
Plaintiffs (Bruce Heinhuis and his wife, individually and on behalf of their minor children) brought suit in state court for injuries allegedly received by Mr. Heinhuis while he was employed as a seaman aboard a vessel on navigable waters. Plaintiffs' petition relates a typical maritime injury incident. Plaintiff was a member of the crew of the "Delta, I" a barge which, along with the tugboat "M/V Susie Gambarella," was performing work in the Mustang Island Area, Block 758, in the Gulf of Mexico. Plaintiffs allege that despite the approach of Hurricane Florence in September of 1988, defendants waited to evacuate until after the arrival of hurricane-related sea, wind and weather conditions. During the process of pulling anchor, a pendant line which served as a part of the mooring line for an anchor whipped and jerked around, jerking and throwing Mr. Heinhuis to his injury.
In their petition the plaintiffs asserted the following demands for damages:
1. against Venture Associates, Inc. of Louisiana (Venture), the alleged employer, for negligence, pursuant to the Jones Act;
2. against Venture for maintenance and cure;
3. against Venture and/or Norman Offshore Pipeline, Inc. (Norman) for unseaworthiness *1246 of the vessel allegedly owned by one or both of them; and
4. against G & B Marine, Inc. (G & B) and Chevron U.S.A., Inc. (Chevron) for negligence arising from events occurring on navigable waters in a classic admiralty and maritime setting.
Suit was filed on March 14, 1989, with a notation that service be withheld pending further instructions from plaintiffs. The next day, March 15, 1989, plaintiffs amended their petition to include the following paragraph:
Plaintiffs specifically aver that this Court has jurisdiction over the subject matter of this controversy by virtue of Section 33 of the Merchant Marine Act, 56 U.S.C.A. 688 [sic], commonly known as the Jones Act, and under the General Maritime Law of the United States. This action is brought in State Court under the "savings to suitors" clause of the U.S. Constitution. Accordingly, and for purposes of Louisiana Code of Civil Procedure Article 1732(6), this suit is on an admiralty or general maritime claim under federal law that is brought in state court under a federal "savings to suitors" clause and is specifically designated as an admiralty or general maritime claim.
Obviously the amended petition was drawn in an attempt by plaintiffs to elect a nonjury trial, a remedy recently granted them by the Louisiana legislature. See LSA-C.C.P. art. 1732(6).
Pleading in response to the petition and amended petition, defendant(s) requested a jury trial. All parties were subsequently ordered to show cause why the case should proceed to jury trial. After a hearing on June 23, 1989, the trial judge ruled that a jury trial was not available to the defendants. Questioning the trial court's interpretation of LSA-C.C.P. art. 1732(6), defendants applied for supervisory writs.
Defendants argue that they are entitled to a jury trial because Article 1732(6) does not grant plaintiff an election of a nonjury trial in a Jones Act case and because no other Louisiana law specifically denies them a jury trial.[1] Defendant Chevron asserts further that its ownership of a fixed platform does not subject it to a maritime claim.
The pertinent articles of the Louisiana Code of Civil Procedure are in Chapter 7, "Jury Trial." Article 1731 provides:
A. Except as limited by Article 1732, the right of trial by jury is recognized.
B. The nature and amount of the principal demand shall determine whether any issue in the principal or incidental demand is triable by jury.
Effective September 9, 1988, LSA-C.C.P. art. 1732 was amended to provide that a trial by jury shall not be available in:
(6) A suit on an admiralty or general maritime claim under federal law that is brought in state court under a federal "saving to suitors" clause, if the plaintiff has designated that suit as an admiralty or general maritime claim.
1988 La. Acts No. 147 § 1.
Thus, Louisiana law no longer recognizes the right of trial by jury on an admiralty or general maritime claim designated as such by the plaintiff and brought under a savings to suitors clause. Article 1732 is mandatory; it specifies that "trial by jury shall not be available...." (Emphasis supplied.)
Although the cases relied upon by the defendants contain persuasive language concerning the fundamental right to trial by jury, those cases preceded the 1988 amendment. Now Louisiana has a statute which is the equivalent of Rule 9(h) in the federal court system.[2] The operation of *1247 the federal rule was explained by the Louisiana Supreme Court in Lavergne v. Western Co. of North America, Inc., 371 So.2d 807 (La.1979). Historically, a plaintiff bringing an action for personal injuries in the federal admiralty jurisdiction under the general maritime law was not entitled to a jury trial. In 1966 when the admiralty and federal civil rules were unified, the rule mandating a nonjury trial for admiralty actions was not changed. Rule 9(h) of the Federal Rules of Civil Procedure was enacted to provide a device by which the plaintiff could claim the special benefits of admiralty procedures and remedies, including a nonjury trial, despite the existence of some other basis of federal jurisdiction, such as the Jones Act or diversity, as a possible ground for a request for a jury trial by an opponent. Lavergne v. Western Co. of North American, Inc., supra.
However, prior to 1988 an equivalent of the federal Rule 9(h) option was not available to a plaintiff bringing an admiralty claim under a saving to suitors clause in a Louisiana court; the defendant's right to a jury trial was not affected. Hebert v. Diamond M. Company, 367 So.2d 1210 (La. App. 1st Cir.1978). Enactment by the legislature of LSA-C.C.P. art. 1732(6) has made the "Hebert rule" obsolete. Since 1988 the option of whether to have a jury trial or a nonjury trial in an admiralty or maritime case in a Louisiana state court rests with the plaintiff, and only the plaintiff, by the clear, unambiguous language of LSA-C.C.P. art. 1732(6). Although recognizing the plaintiff's right to a nonjury trial of his admiralty claim, the defendants in the instant case urge that Article 1732(6) does not affect their right to a jury trial on the Jones Act claim or the non-maritime (land-based) claim. We disagree. When interpreting a law, we should give it the meaning the lawmaker intended. The lawmaker is presumed to have enacted each law with deliberation and with full knowledge of all existing laws on the same subject. The meaning and intent of a law is to be determined by a consideration of the law and all other laws on the same subject matter. Bunch v. Town of St. Francisville, 446 So.2d 1357 (La.App. 1st Cir.1984). The instant defendants' right to a jury trial is not inviolate; a party's right to a jury trial is often dependent upon the nature of the plaintiff's case. See LSA-C.C.P. art. 1731.[3]
*1248 Recently this court had occasion to consider Article 1732(6), but only for the purpose of determining whether the amendment should be given retroactive effect. In Ford v. McDermott, Inc., 543 So.2d 1135 (La.App. 1st Cir.1989), we held that the statute could be applied only prospectively. In that case, as here, the plaintiff was asserting a claim under both federal statutory law (Jones Act) and the general maritime law. If our interpretation of the 1988 amendment had been that the defendant could bar the plaintiff's Article 1732(6) election of a nonjury trial because of the Jones Act claim, it would have been unnecessary for us to consider the retroactivity issue.
We are aware of a contrary line of reasoning in Gauchet v. Chevron U.S.A. Inc., 541 So.2d 272 (La.App. 4th Cir.1989). Although the court declined to apply the law retroactively, the court's initial consideration was an analysis of the plaintiffs' claim. Concluding that the petition stated four separate causes of action, the court implied that under a prospective application of Article 1732(6) a plaintiff's election of a nonjury trial could be barred by a defendant on the ground that the maritime claim was combined with a Jones Act and/or non-maritime claim. Because the issue before the court was the retroactive effect of the statute, it was unnecessary for the court to consider whether the plaintiff had asserted one or several causes of action. The language in the opinion relating to that aspect is mere dicta, and we decline to follow it.
Accordingly, we hold that a plaintiff's cumulation of his Jones Act claim with an admiralty or general maritime claim does not open the door for his Jones Act employer to demand a jury trial. Lacking state cases on the issue, we look to the federal cases. Federal jurisprudence is especially persuasive here because our legislature intended to duplicate the federal rule. When Louisiana legislation is patterned after federal law, we may look to federal interpretations in order to ascertain the meaning and application of the statutes in question. Landry & Passman Realty, Inc. v. Beadle, Swartwood, Wall & Associates, Inc., 303 So.2d 761 (La.App. 1st Cir.1974), writs denied, 307 So.2d 631 (La.1975); Cousins v. State Farm Mutual Automobile Ins. Co., 258 So.2d 629 (La.App. 1st Cir.1972). By making a Rule 9(h) designation with respect to both an admiralty claim and a Jones Act claim, a plaintiff implicitly waives his right to elect a jury for his Jones Act claim. This brings the entire case "on the admiralty side" of the federal court, where trial by jury is not available to either party.[4]Willis v. Woodson Construction Co., 593 F.Supp. 464 (W.D.La. 1983).
Furthermore, we hold that defendant Chevron's posture as a platform owner does not aid its claim to entitlement to a jury trial. In Hails v. Atlantic Richfield Co., 595 F.Supp. 948 (W.D.La.1984), the defendant platform owner requested a jury trial despite the plaintiff's Rule 9(h) designation; the jury trial was denied. The court held that the fact that plaintiff's injury was caused by a land-based (platform) crane did not change the maritime nature of the claim when plaintiff was on the deck of a vessel when he was injured. Likewise, Mr. Heinhuis was a crew member of a vessel and was injured during the process of pulling anchor for his vessel which was servicing the Chevron platform. As in Hails, the defendant platform owner which accepts the benefits of production with the aid of maritime commercial endeavors must *1249 accept litigation "in admiralty" to answer for wrongs arising from those endeavors.
Finding no error in the trial court's ruling that this case is not triable by jury, we recall and set aside the writ of certiorari previously issued. Costs of this application are assessed against Relators.
RECALLED AND SET ASIDE.
NOTES
[1] Article 1732 also provides that a jury trial shall not be available in cases where it is "specifically denied by law." LSA-C.C.P. art. 1732(7).
[2] Section 6 of Article 1732 originated as House Bill 620, introduced by Representative Hunt Downer. His explanation of the legislation is found in the following transcription of the discussion held before the House Civil Law & Procedure Committee meeting on May 10, 1988:

By Mr. Downer:
House Bill 610 ... is a simple Bill. What it actually does ... there is some inconsistency in the Louisiana jurisprudence compared to the Federal jurisprudence with respect to rights of jury trials in maritime actions, particularly admiralty cases brought under the savings to suitors clause. In other words in federal court if you file your admiralty action under the Jones Act, you, as the plaintiff, or as the complainant, have the option of electing whether or not to have a trial by jury. In state court, if you file that same action using the savings to suitor clause invoking your federal maritime jurisdiction under your savings to suitor clause bringing it in state court [,] some jurisdictions say as the petitioner or plaintiff you may be entitled to the jury if you ask for it, others say it doesn't matter, if the defendant asks for it we may have a jury trial. So all I'm trying to do is track exactly the federal rules of procedure in essence saying you as the complainant or the seaman have the right to control the actions of whether or not you want a jury trial or not.
A court may take judicial notice of the journals of the houses of the state legislature as they are public records. University Properties Corp. v. Fidelity Nat. Bank, 500 So.2d 888, 906 n. 5 (La.App. 1st Cir.1986); Bethlehem Supply Co. v. Pan-Southern Petroleum Corp., 207 La. 149, 20 So.2d 737 (1945).
[3] The second paragraph of Article 1731 provides that the nature of the principal demand shall determine whether any issue in the principal demand is triable by jury. LSA-C.C.P. art. 1731, "Official Revision Comments" explains:

A troublesome question as to the right to jury trial might be presented in cases in which there are incidental demands. The second sentence of this article provides the test to be applied in such cases: whether any demand may be tried by a jury depends upon whether the principal demand is triable by jury under Art. 1733, infra. (now Art. 1732.) Thus, if the principal demand is for $800 damages, and the defendant reconvenes for $5,000 damages, neither demand may be tried by a jury. Conversely, if the principal demand is for $5,000 damages, and the defendant reconvenes for $800 damages, either or both demands may be tried by a jury, dependent on whether the plaintiff or defendant or both demand a jury trial....
See Gamble v. D.W. Jessen & Associates, 491 So.2d 483 (La.App. 3d Cir.1986), wherein the plaintiff filed a petition entitled "Petition For Recognition Of Dissolution Of Partnership, For Partition Of Partnership Assets, For An Accounting And For Damages." Noting that Article 1733 (now Article 1732) barred jury trials in partition suits, the court held that the nature of the plaintiff's suit was a partition claim despite the fact that he was seeking damages also; the issue of damages, along with the other issues in the case, was tried by the judge.
[4] The reverse problemelection by the plaintiff to keep his combined action on the law side was resolved in the case of Fitzgerald v. United States Lines Co., 374 U.S. 16, 83 S.Ct. 1646, 10 L.Ed.2d 720 (1963). The court held that the admiralty claims joined with the Jones Act claim could all be submitted to the jury for resolution when the plaintiff chose the "law side" designation.

Although Fitzgerald is generally interpreted as a holding based upon judicial economy [See, Haskins v. Point Towing Co., 395 F.2d 737 (3d Cir.1968).], the United States Supreme Court implied a concern for the seaman and eschewed requiring him to split up his lawsuit, submitting part of it to a jury and part to a judge. See Fitzgerald, 83 S.Ct. at 1649.