577 So.2d 225 (1991)
Wilber J. SONS, Jr. and Susan L. Sons
v.
INLAND MARINE SERVICE, INC. and Double Eagle Marine, Inc.
No. CW 90 0957.
Court of Appeal of Louisiana, First Circuit.
March 5, 1991.
*227 Danny J. Lirette, St. Martin, Lirette, Gaubert & Shea, Houma, for plaintiff.
Robert H. Murphy, Chaffe, McCall, Phillips, Toler & Sarpy, New Orleans, for defendants.
Before LOTTINGER, SHORTESS and CARTER, JJ.
LOTTINGER, Judge.
The issue in this writ application is whether or not the trial court erred in granting plaintiffs-respondents' motion to strike the request of defendants-relators for a jury trial, pursuant to Louisiana Code of Civil Procedure article 1732(6).

FACTS
On April 26, 1989, plaintiffs, Wilber and Susan Sons, filed a suit against defendants, which they captioned a "Seaman's Complaint for Damages." Plaintiffs alleged Wilber Sons was injured while working as a seaman and member of the crew of the M/V Bay Eagle, which was owned by the defendants, Inland Marine Services, Inc. and/or Double Eagle Marine, Inc. Plaintiffs alleged the vessel was engaged in performing work for defendants in navigable waters of Louisiana and that Wilber was a "Jones Act" employee of defendants. Plaintiffs further averred that Wilber was injured as a result of the negligent conduct or fault of defendants or as a result of the unseaworthiness of the vessel. Initially, plaintiffs requested a trial by jury.
After defendants answered on January 22, 1990, plaintiffs filed a "First Supplemental and Amended Seaman's Complaint for Damages" on February 14, 1990, which essentially repeated their prior allegations but which withdrew their request for a trial by jury. In Paragraph 12 of their amended complaint, plaintiffs stated as follows:
Petitioners bring this lawsuit under the "saving to suitors" clause, 28 U.S.C. § 1333, and herein designate this lawsuit as an admiralty and general maritime claim within the meaning of La.C.C.P. Art. 1732(6). Petitioners hereby withdraw their request for a trial by jury.
Defendants answered the amended complaint and prayed for a jury trial. The trial court granted their request and ordered them to post bond. After defendants posted the bond, plaintiffs filed a motion to strike defendants' jury demand. After a hearing, the trial court granted the motion to strike. Defendants have applied for writs on the action of the trial court.

ISSUES
Defendants raise the following issues in their application:
(1) Whether or not Louisiana Code of Civil Procedure article 1732(6) violates article III and the supremacy clause of the United States Constitution by attempting to vest Louisiana state courts with admiralty jurisdiction.
(2) Whether defendants were entitled to demand a jury trial after plaintiffs withdrew their original request for trial by jury.
(3) Whether or not article 1732(6) violates constitutional provisions entitling defendants to equal protection, due process and equal access to the courts.
(4) Whether or not plaintiffs' complaint for damages is an admiralty or general maritime claim within the meaning of article 1732(6).
*228 Louisiana Code of Civil Procedure article 1731 in part states, "[e]xcept as limited by article 1732, the right of trial by jury is recognized." Article 1732(6) provides a trial by jury shall not be available in "[a] suit on an admiralty or general maritime claim under federal law that is brought in state court under a federal `saving to suitors' clause, if the plaintiff has designated that suit as an admiralty or general maritime claim." In Heinhuis v. Venture Associates, Inc. of Louisiana, 558 So.2d 1244 (La.App. 1st Cir.), writs denied, 559 So.2d 1369, 1385 (La.1990), this court recently stated that, since the enactment by the legislature of article 1732(6), the option of whether or not to have a jury trial or a nonjury trial in an admiralty or maritime case in a Louisiana state court rests with the plaintiff, and only the plaintiff, by the clear, unambiguous language of the article. We held in Heinhuis, 558 So.2d at 1247, that a plaintiff's cumulation of his Jones Act claim with an admiralty or general maritime claim does not open the door for his Jones Act employer to demand a jury trial.
In their writ application, defendants argue the legislature's enactment of article 1732(6) is an attempt to usurp jurisdiction of admiralty cases from the federal courts, contrary to the United States Constitution. Their argument seems to be based upon the distinction in federal courts between the "admiralty side" of the court and the "law side" of the court.[1]
Historically, a plaintiff bringing an action for personal injuries on the "admiralty side" of the court under the general maritime law was not entitled to a jury trial. Heinhuis. Federal Rule of Civil Procedure 9(h), upon which article 1732(6) is based, was enacted to provide a device by which the plaintiff could claim the special benefits of admiralty procedures and remedies, including a nonjury trial, in a case brought on the "law side" of the court under some other basis of federal jurisdiction, such as the Jones Act or diversity, which would ordinarily give the defendant a ground for requesting a jury trial. See Heinhuis, 558 So.2d at 1247. Therefore, by designating his claim as one in admiralty under Rule 9(h), the plaintiff could defeat the defendant's request for a trial by jury.
Defendants argue article 1732(6) in effect attempts to distinguish between the "law side" of the state district courts and the "admiralty side." Defendants further argue this designation is impermissible because the federal courts have exclusive jurisdiction in admiralty cases under Article III of the United States Constitution and 28 U.S.C. § 1333, which provides in pertinent part as follows:
The district courts shall have original jurisdiction, exclusive of the courts of the States, of:
(1) Any civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled. (emphasis added).
"In general, the exclusive admiralty jurisdiction of federal courts afforded by section 1333 has been limited to those maritime causes of action begun and carried on as proceedings in rem, that is, where a vessel or thing is itself treated as the offender and made the defendant by name or description in order to enforce a lien." Lavergne v. Western Company of North America, Inc., 371 So.2d 807, 809 (La. 1979), citing Madruga v. Superior Court, 346 U.S. 556, 74 S.Ct. 298, 98 L.Ed. 290 (1954). However, it is well settled that, pursuant to the "saving to suitors" clause of section 1333, a suitor who holds an in personam claim under the admiralty jurisdiction of the federal courts, may also bring suit, at his election, by ordinary civil action in federal court, without reference to "admiralty," or in state court.
In the present case, even if we accept defendants' premise that article 1732(6) seeks to establish an "admiralty side" and *229 a "law side" of the state district courts, the article does not impermissibly usurp jurisdiction of admiralty cases because state courts already have concurrent jurisdiction over in personam admiralty actions. Nothing in the article seeks to establish jurisdiction over in rem admiralty suits, which are exclusively within the jurisdiction of federal courts. Therefore, defendants' first argument has no merit.

II
Defendants contend that this case is distinguishable from Heinhuis because plaintiffs requested a trial by jury in their original complaint and answers were filed before the jury request was withdrawn. It is argued that the withdrawal of the jury request once answer is filed prejudices defendants' jury trial rights and is prohibited.
This court recognizes the well established rule in Louisiana that a right to trial by jury is a basic right which should be zealously protected, Dardar v. Texoma Contractors, Inc., 446 So.2d 890, 892 (La. App. 1st Cir.1984). It is also well established that if the plaintiff later moves to withdraw his jury demand, he cannot thereby prejudice the defendant's own jury trial rights. Cazes v. Ragusa, 336 So.2d 904, 906 (La.App. 4th Cir.1976).
However, as this court said in Heinhuis, pursuant to La.Code Civ.P. art. 1732(6), the option of whether or not to have a jury trial or a nonjury trial in an admiralty or maritime case rests exclusively with the plaintiff. Thus, even though plaintiff initially requested a jury trial, we find nothing in the language of La.Code Civ.P. art. 1732(6) to prohibit the amendment under the facts of this case.

III
Defendants contend the trial court's denial of their request for a trial by jury denies them due process, equal protection of the laws, and equal access to the courts in violation of the United States and Louisiana Constitutions. However, the United States Supreme Court has held that the Seventh Amendment right to jury trials in civil cases is not so fundamental to the American system of justice as to be required of state courts by the due process clause of the Fourteenth Amendment. See Melancon v. McKeithen, 345 F.Supp. 1025, 1035 (E.D.La.1972), affirmed, 409 U.S. 943, 1098, 93 S.Ct. 289, 290, 908, 34 L.Ed.2d 214, 679 (1973); Rudolph v. Massachusetts Bay Insurance Co., 472 So.2d 901 (La.1985). The denial of a jury trial in a state civil proceeding also does not violate the equal protection clause of the United States Constitution. Letendre v. Fugate, 701 F.2d 1093 (4th Cir.1983).
In addition, there is no due process right to a jury trial in civil cases under the Louisiana Constitution of 1974. See Fidelity & Guaranty Insurance Company v. Succession of Smith, 525 So.2d 348, 353 n. 3 (La.App. 1st Cir.1988). The equal protection clause of the Louisiana Constitution is set forth in article I, section 3, which provides in pertinent part as follows:
No person shall be denied the equal protection of the laws. No law shall discriminate against a person because of race or religious ideas, beliefs, or affiliations. No law shall arbitrarily, capriciously, or unreasonably discriminate against a person because of birth, age, sex, culture, physical condition or political ideas or affiliations.
If a law classifies individuals on a basis outside the scope of article I, section 3, it will be upheld unless a member of the disadvantaged class shows that the law does not further any suitable appropriate state interest. Crier v. Whitecloud, 496 So.2d 305 (La.1986)(on rehearing).
In the present case, article 1732(6) does not classify individuals on the basis of the characteristics found in article I, section 3. Therefore, the "appropriate state interest" test applies to the present case.
Defendants argue the State has no legitimate interest in treating maritime defendants differently from any other class of defendants regarding the right to a jury trial and that the state has no legitimate interest in affording maritime plaintiffs the sole power to decide whether the case will be tried before a judge or jury. In Heinhuis, *230 we quoted from the transcription of the discussion held before the House Civil Law & Procedure Committee in which Representative Hunt Downer stated that the purpose of article 1732(6) was to make the procedure in state admiralty cases consistent with the procedure in federal admiralty cases. The state also has a legitimate interest in minimizing the delays and greater court costs which generally attend jury trials. See Rudolph, 472 So.2d at 905. Therefore, defendants have not carried their burden of proving that the law does not further a legitimate state interest; and the article does not deny them equal protection of the law under the Louisiana Constitution.
Article I, section 22 of the Louisiana Constitution of 1974 provides:
All courts shall be open and every person shall have an adequate remedy by due process of law and justice, administered without denial, partiality, or unreasonable delay, for injury to him in his person, property, reputation, or other rights.
There is no analogous provision in the United States Constitution.
The access to courts clause of the Louisiana Constitution does not prohibit legislative restriction of legal remedies. This clause rather operates only to ensure that the courts will be open to provide remedies which are fashioned by the legislature. Williams v. Kushner, 524 So.2d 191, 196 (La.App. 4th Cir.1988), amended and affirmed, 549 So.2d 294 (La.1989).
In the present case, the fact that defendants can defend plaintiffs' action only before a judge and not before a jury does not deny them access to the court. They still will have an adequate opportunity to defend themselves before an impartial trier of fact.

IV
Defendants argue article 1732(6) does not apply to this case because plaintiffs have not brought an admiralty or general maritime claim. This argument clearly has no merit. Plaintiffs' claim is in part based upon the unseaworthiness of the vessel. The duty placed upon a ship owner to provide a seaworthy vessel is imposed by general maritime law. Smith v. Ithaca Corp., 612 F.2d 215 (5th Cir.1980). The fact that the ship owners in this case are also Sons' Jones Act employers does not preclude plaintiffs' claim for unseaworthiness. Moreover, the facts alleged to support a Jones Act claim also may be urged to support an unseaworthiness claim. See Huff v. Compass Navigation, Inc., 522 So.2d 641, 645 (La.App. 4th Cir.), writ denied, 526 So.2d 797 (La.1988).
Therefore, for the above reasons, we find no error in the trial court's strike of defendants' jury request and recall the writ. Costs of this proceeding are assessed against defendants-relators.
WRIT RECALLED.
NOTES
[1] The distinction between the U.S. District Court functioning under its admiralty jurisdiction with a wholly separate set of procedural rules, and the same court acting in law and equity, existed prior to their merger in 1966 in the Federal Rules of Civil Procedure. Heinhuis, 558 So.2d at 1247. See also Schoenbaum, Admiralty and Maritime Law, § 3-2 (1987).