663 So.2d 780 (1995)
Patrick PALMER
v.
BLUE WATER MARINE CATERING, INC., and Global Ship Services, LTD, Plus, Inc.
No. 95-CA-342.
Court of Appeal of Louisiana, Fifth Circuit.
October 18, 1995.
*781 Paul C. Miniclier, Alfred R. Gould, Simon, Peragine, Smith & Redfearn, L.L.P., New Orleans, for Appellant Global Pipelines Plus, Inc.
Patricia D. Miskewicz, New Orleans, for Appellee Patrick Palmer.
Before KLIEBERT, GOTHARD and CANNELLA, JJ.
CANNELLA, Judge.
Defendant, Global Pipelines Plus, Inc. (Global), appeals from a judgment which finds La.C.C.P. art. 1732(6) constitutional. We affirm.
Plaintiff, Patrick Palmer, filed suit on November 23, 1993 for personal injuries which he received while employed as a galleyhand aboard the lay barge Cherokee. He sued his employer, Blue Water Catering, Inc. (Blue Water) and the shipowner, Global, under the Jones Act and general maritime law pursuant to La.C.C.P. art. 1732(6). By so doing, he waived his right under the Jones Act to a jury trial.
Global, joined by Blue Water, filed an answer which included a request for a jury trial and declaratory judgment on the constitutionality of C.C.P. art. 1732(6). Palmer then filed a motion to strike the jury request. *782 Global responded with a Motion for Declaratory Judgment on the jury issue.[1] The motions were heard on January 13, 1995. On February 14, 1995, the trial judge ruled against Global, finding that the article is constitutional under the due process and equal protection clauses of the Louisiana Constitution, because the statute does not violate a fundamental right and satisfies a legitimate state interest.
On appeal, Global argues that the trial judge erred in finding that the statute is constitutional and by holding that the statute does not violate the due process or equal protection clauses. It argues that the trial judge erred in finding that the right to a civil jury trial is not a fundamental right which would require strict scrutiny of the statute. Instead, the trial judge tested the constitutionality of the article by examining whether a legitimate state interest exists to deny a jury trial to Global and Blue Water, if Palmer elects to file suit under the general maritime law. Global contends that, under the jurisprudence, the right to a jury trial is a fundamental right and thus, the legislative enactment is subject to strict scrutiny. It argues that because the right is fundamental, the burden of proving a "compelling state interest" shifts to Palmer and the Attorney General. Global asserts that neither Palmer nor the state produced any evidence of compelling state interest. In addition, Global contends that the trial judge erred in finding that it did not cite any authority for the principle that the right to a jury trial is a fundamental right requiring strict scrutiny under the Louisiana Constitution.
In response, Palmer argues that the trial judge did not err because the right to a civil jury trial is fundamental only when the legislature has not passed legislation denying the right. In this case, there is specific legislation denying the right to a civil jury trial. Furthermore, Palmer asserts that the article has been found to be constitutional under both the United States and the Louisiana Constitutions.
The constitutionality of a statute is a question of law. State v. Caldwell, 616 So.2d 713, 721 (La.App. 3 Cir.1993). Unlike questions of fact, questions of law are not reviewed under the manifest error standard. Instead, questions of law are resolved by determining whether the trial judge was legally correct or legally incorrect. See: Evangeline Parish School Bd. v. Energy Contracting Services, Inc., 617 So.2d 1259, 1265 (La.App. 3 Cir.1993); Babcock & Wilcox Co. v. Babcock Mexico, 597 So.2d 110, 112 (La.App. 4 Cir.1992).
Louisiana jurisprudence holds that a jury trial is a basic and fundamental right that should be protected, in the absence of specific authority for its denial. Champagne v. American Southern Insurance Co., 295 So.2d 437, 439-440 (La.1974); Block v. Fitts, 259 La. 555, 250 So.2d 738, 739 (1971); Rico v. Vangundy, 461 So.2d 458, 462 (La.App. 5 Cir.1984); Duplantis v. U.S. Fidelity & Guar. Ins. Corp., 342 So.2d 1142, 1143 (La. App. 1 Cir.1977); Cambridge Corner Corp. v. Menard, 525 So.2d 527, 530 (La.1988). The key phrase is the "absence of specific authority for its denial". In this case, we have a statute which specifically denies the defendant a jury trial, if the plaintiff designates his action as a general maritime action. Thus, contrary to defendant's argument, the "fundamental right to a jury" is not protected and the courts are not required to apply the strict scrutiny test, when the legislature has declared that there is no right to a jury in particular circumstances. This denial of a jury trial does not offend either the United States or Louisiana Constitutions.
As noted by Global, the issue of the constitutionality of C.C.P. art. 1732(6) under the United States Constitution was settled in Parker v. Rowan Companies, Inc., 599 So.2d 296, 301 (La.1992) (on rehearing). There, the Louisiana Supreme Court stated that the legislature intended to achieve, for the plaintiff seaman in state court, the same exclusive choice of bench or jury trial in Jones Act cases, which prevails in federal court. Parker v. Rowan Companies, Inc. at 301. The Parker court determined that the statute at issue does not violate the supremacy *783 clause of the United States Constitution or the Seventh Amendment. Id. It noted that the federal constitutional right to a jury trail has not been extended to the states through the Fourteenth Amendment and, thus, the denial of a civil jury trial in a state court proceeding does not violate the United States Constitution due process clause. Id. at 301. Consequently, states have the right to establish their own rules for the availability of jury trials. Id. In admiralty cases, state courts may adopt such remedies as they see fit, as long as they do not attempt to modify or displace essential features of the substantive maritime law. Id. at 301; Lavergne v. Western Co. of North America, Inc., 371 So.2d 807, 810 (La.1979).
In Sons v. Inland Marine Service, Inc., 577 So.2d 225, 229-230 (La.App. 1 Cir.1991), the First Circuit addressed the same issue that is before this court, that is, whether the article violates the Louisiana Constitution. They concluded that the article does not violate the Louisiana Constitution. The court stated:
In addition, there is no due process right to a jury trial in civil cases under the Louisiana Constitution of 1974. See Fidelity & Guaranty Insurance Company v. Succession of Smith, 525 So.2d 348, 353 n. 3 (La.App. 1st Cir.1988). The equal protection clause of the Louisiana Constitution is set forth in article I, section 3, which provides in pertinent part as follows:
No person shall be denied the equal protection of the laws. No law shall discriminate against a person because of race or religious ideas, beliefs, or affiliations. No law shall arbitrarily, capriciously, or unreasonably discriminate against a person because of birth, age, sex, culture, physical condition or political ideas or affiliations.
If a law classifies individuals on a basis outside the scope of article I, section 3, it will be upheld unless a member of the disadvantaged class shows that the law does not further any suitable appropriate state interest. Crier v. Whitecloud, 496 So.2d 305 (La.1986) (on rehearing).
In the present case, article 1732(6) does not classify individuals on the basis of the characteristics found in article I, section 3. Therefore, the "appropriate state interest" test applies to the present case.
The court in Sons applied the "appropriate state interest" test and found that the state has a legitimate interest in treating maritime defendants differently from other classes of defendants in regard to jury trials. Quoting Heinhuis v. Venture Associates, Inc. of Louisiana, 558 So.2d 1244 (La.App. 1st Cir.1990), writs denied, 559 So.2d 1369, 1385 (La.1990), it referred to the legislative discussion on implementation of the article and stated that the purpose of the enactment of article 1732(6) was to make the procedure in state admiralty cases consistent with the procedure in federal admiralty cases. Sons v. Inland Marine Service, Inc. at 230. In addition, the Sons court noted that the state also has a legitimate interest in minimizing the delays and greater court costs which generally attend jury trials. Id. It concluded that defendant failed its burden of proving that the law does not further a legitimate state interest and found that the article does not deny them equal protection of the law under the Louisiana Constitution. Id. at 230.
The court in Sons also addressed Article I, section 22 of the Louisiana Constitution of 1974, the "access to the courts" provision, which states:
All courts shall be open and every person shall have an adequate remedy by due process of law and justice, administered without denial, partiality, or unreasonable delay, for injury to him in his person, property, reputation, or other rights.
As noted by that court, there is no analogous provision in the United States Constitution. However, the court held that this provision "does not prohibit legislative restriction of legal remedies". Id. Rather, it "operates only to ensure that the courts will be open to provide remedies which are fashioned by the legislature". Id. at 230, citing Williams v. Kushner, 524 So.2d 191, 196 (La.App. 4th Cir.1988), amended and affirmed, 549 So.2d 294 (La.1989). In the case of a maritime defendant, the "access to the courts" clause does not apply, since the defendant has access to the court and to the judge, an impartial trier of fact.
*784 Global, however, argues that this court is not bound by the decision in Sons. We agree that we are not bound by any opinion from another Circuit Court of Appeal. However, we agree with the reasoning and the conclusions reached by the court in Sons and the trial judge herein. The article serves a legitimate state interest, does not deny the maritime defendant due process or equal protection of the law and does not deny the maritime defendant access to the courts. Therefore, we find that La.CC. art. 1732(6) does not violate the constitutional rights of the maritime defendant under the Louisiana Constitution. Consequently, the trial judge did not err in denying Global's Motion for Declaratory Judgment.
Accordingly, the judgment of the trial court is hereby affirmed and costs of appeal are assessed against Global.
AFFIRMED.
NOTES
[1] The Attorney General for the State of Louisiana was served as required by law and he filed a brief in the trial court, but did not participate in the hearing or on appeal.