926 So.2d 568 (2006)
Thomas ABRIMSON and/or Jim Brown
v.
ETHEL KIDD REAL ESTATE.
No. 2004-CA-2085.
Court of Appeal of Louisiana, Fourth Circuit.
January 18, 2006.
Irl R. Silverstein, Gretna, Louisiana, for Defendant/Appellee.
Thomas A. Abrams, Clearwater, Florida, In Proper Person, Plaintiff/Appellant.
(Court composed of Judge JAMES F. McKAY III, Judge MICHAEL E. KIRBY, Judge TERRI F. LOVE).
JAMES F. McKAY III, Judge.
The appellants, Thomas Abrimson a/k/a/ Thomas Anderson a/k/a Thomas Abrams (Thomas Abrams) and Jim Brown a/k/a John Brown (John Brown), appeal the judgment of the trial court ordering the rule for possession in favor of the appellee, Ethel Kidd Real Estate, Inc., and making the judgment executory within thirty days of the judgment.

FACTS AND PROCEDURAL HISTORY
The property involved in this litigation is an apartment located at 632 St. Peter Street. The occupants Thomas Abrams *569 and John Brown were on a monthly lease. On June 4, 1981, Jules Cahn (now the Cahn Trust) issued the original lease to this property to John Pud Brown and Louise G. Brown, the alleged parents of John Brown, neither of whom are a party to this suit, for $300.00 per month with no term. Thomas Abrams began to occupy this apartment with John Brown in 1996. The rent during this time was increased to $425.00 per month. During the time frame at issue, there have been three owners of this property. Michael Winters purchased the property from the Cahn Trust in 2002 and Abdul "Grammi" Siddiqui purchased the property from Michael Winters in 2003. At some point the rent was increased to $750.00 per month.
On September 25, 2003, Ethel Kidd Real Estate filed a rule for possession of premises alleging a verbal lease and the non-payment of rent for the month of September 2003. A notice of the hearing on the rule for possession was set for October 3, 2003.[1] On October 3, 2003, the defendants filed a "SWORN ANSWER TO RULE FOR POSSESSION" along with a petition entitled "EXCEPTIONS". A hearing was held on that same day on the rule for possession. The trial court denied the defendants' motion for continuance on the exceptions.
At the hearing the defendants asserted, as a defense to the eviction, that they had paid the September rent. The trial court questioned Thomas Abrams who admitted that he had a check for the September rent but not a cancelled check. It was determined that the plaintiff never tendered the check. The trial court made a factual determination that the lease involved was both unrecorded and was a monthly tenancy. The next issue that the trial court resolved was the timely notice and proper notification of eviction. The defendants claimed that notice was never given. The trial court heard the evidence and concluded that the plaintiff had properly noticed the defendant by tacking the notice on the front door of the building. The trial court finding nothing to defeat the rule for possession issued a judgment in favor of the plaintiff and ordered Thomas Abrams to vacate the premises and rendering a judgment of eviction executory within 30 days of the order.[2] On October 22, 2003, the trial court issued a judgment allowing the defendant to appeal the judgment of eviction. Various writs ensued after this judgment and the matter is now before this Court on appeal on the granting of the rule for possession.

ASSIGNMENT OF ERROR
The appellant asserts numerous errors in the judgment of the trial court mainly arguing that the Louisiana landlord-tenant laws pursuant to La. C.C.P art. 4701 are unconstitutional.[3]

DISCUSSION AND LAW
A court of appeal may not set aside a trial court's or a jury's finding of fact in the absence of "manifest error" or unless it is "clearly wrong." Stobart v. State through Dept. of Transp. and Dev., 617 So.2d 880, 882 (La.1993), citing, Rosell v. ESCO, 549 So.2d 840 (La.1989). Questions of law are resolved by determining whether the trial judge was legally correct or legally incorrect. Delacroix Corporation *570 v. Perez, 98-2447, p. 4 (La.App. 4 Cir. 11/8/00), 794 So.2d 862, 865, citing Palmer v. Blue Water Marine Catering, Inc., 95-342 (La.App. 5 Cir. 10/18/95), 663 So.2d 780.
The provisions of La. C.C.P 4701 et seq. specifically set out the procedure by which a landlord may seek the eviction of a tenant. Eviction procedure of the Code of Civil Procedure is designed to expedite as quickly as possible determination of right of lessor to be restored to possession of premises. Edenborn Partners Ltd. Partnership v. Korndorffer, 94-891 (La.App. 5 Cir. 3/1/95), 652 So.2d 1032. When lessee's right of occupancy ceases for any reason, lessor is entitled to utilize summary eviction proceedings to obtain possession of the premises. New Orleans Hat Attack, Inc. v. New York Life Ins. Co., XXXX-XXXX (La. App 4 Cir. 11/30/95), 665 So.2d 1186.
In the instant matter the appellants assert that the provisions of La. C.C.P. art. 4703, notice by tacking, is unconstitutional as notice of eviction was never received. In this matter the trial court heard all of the testimony and factually determined that proper notice had been accomplished by tacking. Although the appellants attest that they received no notice the trial court noted that their very appearance in court was proof that they did receive notice. The appellee testified that tacking was the only reasonable means to notify the appellant of the eviction proceeding. A colloquy between the plaintiff and the court ensued.
THE COURT:
Did you notify Mr. Abrams with a 5-day notice before you filed the Rule?
THE PLAINTIFF:
Yes, ma'am I did.
THE COURT:
Did you do that personally; do you know?
THE PLAINTIFF:
Yes, I did.
THE COURT:
You did it personally?
THE PLAINTIFF:
Yes, I did.
THE COURT:
And how did you do that?
THE PLAINTIFF:
I did it by tacking it on to his front door because there was no way of entering into his unit. Neither the previous, nor the new owner has keys, because they were never given any. That's the entrance to his unit.
THE COURT:
Mr. Abram I'm going to accept her testimony.
The very fact that appellants were present in court for the eviction hearing and given the opportunity to be heard is indicial that their constitutional rights were not violated. Clearly, the trial court made a credibility call based on the law the facts and the circumstances of this matter. As such its judgment will not be disturbed on appeal.
Accordingly, we affirm the judgment of the trial court.
AFFIRMED.
NOTES
[1] Although there are two defendants, Thomas Abrams filed documents pro se.
[2] The trial court noted that the normal time for making the judgment executory was 48 hours but she agreed to the compromise by the plaintiff to allow the defendant 30 days.
[3] We note for the record that the appellant's brief exceeds the page limitation pursuant to The Uniform Rules Courts of Appeal Rule 2-12.2. Therefore, we will not address issues and argument past page 28.