PORT ALLEN MARINE
SERVICES, INC., et al.

v.

Joseph Scott CHOTIN, et al.

Civ. A. No. 89–436–B.

United States District Court,
M.D. Louisiana.

June 19, 1991.

Frank S. Craig, III, Trial Atty., Breazeale, Sachse & Wilson, Baton Rouge, La., James R. Chastain, Jr., for plaintiffs.

Phelps, Dunbar, Marks, Claverie & Sims, Baton Rouge, La., Docia L. Dalby, Trial Atty., Edward F. LeBreton, Rice, Fowler, Kingsmill, Vance & Flint, New Orleans, La., Gary M. Zwain, Trial Atty., Andrew D. Weinstock, Metairie, La., Richard C. Stanley, Trial Atty., Alex J. Peragine, Stone, Pigman, Walther, Wittmann & Hutchinson, New Orleans, La., for defendants.

Andrea Ann Timko, Stephen M. Cutler, Wilmer, Cutler & Pickering, Washington, D.C., pro hac vice for Ins. Co. of N. America.

W. Shelby McKenzie, Trial Atty., Taylor, Porter, Brooks & Phillips, Baton Rouge, La., Michael G. Durand, Rebecca F. Doherty, Oneban, Donohoe, Bernard, Torian Diaz, McNamara & Abell, Lafayette, La., for Philip David Morey on his own behalf as a rep. Underwriter on behalf of those certain Underwriters at Lloyd's, London.

## RULING ON DEFENDANTS' MOTION TO DISMISS

POLOZOLA, District Judge.

Morey & Companies, the insurers of Joseph Scott Chotin (Chotin), have moved to dismiss the suit against them by Port Allen Marine Services, Inc. (PAMS), and Chotin Transportation, Inc. (C.T., Inc.), for lack of jurisdiction or, in the alternative, for failure to state a claim upon which relief can be granted. The interesting issue presented in this case is whether a party may sue the insurer of an "owner or operator" directly under the Comprehensive Environmental Response, Compensation and Liability Act (CERCLA), 42 U.S.C. §§ 9607 *et seq.*, or under the Louisiana Direct Action Statute, La.R.S. 22:655.

### I. Jurisdiction

The defendants claim that the Court does not have jurisdiction in this case. While there is no complete diversity between the parties, the Court does have federal question jurisdiction in this case under 28 U.S.C. § 1331. The state law claims are pendent to the federal law claim. Thus, the motion to dismiss for lack of jurisdiction is denied.

### II. Defendants' Motion to Dismiss for Failure to State a Claim

Plaintiffs have asserted four causes of action against Morey & Companies: (1) a claim for contribution under CERCLA; (2) a Louisiana statutory solidarity indemnity/contribution claim; (3) an action for virile share against a solidary co-obligor or joint obligor for an indivisible obligation under the Louisiana Civil Code; and, (4) a general claim for property damage under Louisiana law.

### A. The CERCLA Claim.

Plaintiffs allege that Chotin, as an "owner or operator", is liable to them for response costs under § 9607(a) of CERCLA.[1] They have filed suit directly against Chotin's insurers under CERCLA and under the Louisiana Direct Action Statute to recover these costs. The first issue the Court must resolve is whether CERCLA allows the plaintiffs to sue the insurers directly.

Insurers of an owner or operator are not included within the list of responsible parties set forth in § 9607(a). However, the plaintiffs contend that insurers should be treated as successor owners of responsible corporations, merger partners, or parent corporations of responsible subsidiaries, which have been found by various courts to be liable under § 9607(a) of CERCLA because each assumed a contractual obligation of the responsible party.[2] Morey &

---

1. 42 U.S.C.A. § 9607(a) (West Supp.1991).

2. *See Louisiana–Pacific Corp. v. Asarco, Inc.,* 909 F.2d 1260, 1262 (9th Cir.1990); *Smith Land & Improvement Corp. v. Celotex Corp.,* 851 F.2d 86,

Companies have not assumed the contractual obligations of Chotin under the facts of this case. The insurers are only liable for certain coverages as set forth in the policies. Thus, the plaintiffs' argument that § 9607(a) imposes liability on insurers of potentially responsible parties is without merit. To read this section otherwise would require the Court to ignore and disregard the clear language of § 9607(a).[3] If insurers are to be sued directly under § 9607(a), the Congress, and not this Court, must amend the § 9607(a) to provide this right.

Plaintiffs also argue that § 9607(e)(1) of CERCLA permits a direct right of action against the insurer of a responsible party. Section 9607(e)(1) merely provides that "[n]othing in this subsection shall bar any agreement to insure...." However, it does not create a direct right of action against insurers.[4] Therefore, there is nothing in the text of CERCLA itself which enables PAMS and C.T., Inc. to bring suit directly against Morey & Companies.

■ Plaintiffs further contend that even if they may not bring a direct action against a liability insurer under the specific provisions of CERCLA alone, they may do so by virtue of the Louisiana Direct Action Statute.[5] Since a CERCLA claim arises under a specific federal regulatory statute,

this Court must apply federal law to resolve this issue.[6] Plaintiffs argue that since CERCLA does not bar a direct right of action against insurers and the objectives of CERCLA would be furthered by requiring a party ultimately responsible for cleanup costs to be in court, this Court should allow the insurer to be sued under the Louisiana Direct Action Statute.[7]

CERCLA, as its name indicates, provides a comprehensive framework for determining liability for environmental damage. Both federal rights and remedies are established under CERCLA. These federal rights and remedies may be complete without state law supplementation.[8]

■ CERCLA is not completely silent on the subject of direct actions. Section 9608(c), as amended in 1986,[9] provides for direct actions against *guarantors* in limited circumstances. There are no exceptions set forth in the statute which permit direct action against *insurers*. An insurer is not necessarily a guarantor. Therefore, considering the clear meaning of the statute, the Court can logically conclude that Congress only intended to allow direct actions in cases involving guarantors. As noted earlier, it is for the Congress and not this Court to provide for direct actions against an insurer where the statute has a clear

---

91–92 (3d Cir.1988), *cert. denied,* 488 U.S. 1029, 109 S.Ct. 837, 102 L.Ed.2d 969 (1989); *In re Acushnet River & New Bedford Harbor Proceedings,* 712 F.Supp. 1010, 1013–14 (D.Mass.1989); *United States v. Nicolet, Inc.,* 712 F.Supp. 1193, 1202–05 (E.D.Pa.1989).

**3.** *See West Virginia Univ. Hosp. Inc. v. Casey,* —— U.S. ——, ——, 111 S.Ct. 1138, 1146–48, 113 L.Ed.2d 68 (1991) (statutory construction and the role of the courts).

**4.** Section 9608(c) does allow a direct right of action against guarantors, but only for third party claims under §§ 9607 or 9611 rather than for claims for contribution. Moreover, direct actions against the guarantor of a facility are only permitted in the event that the responsible person is bankrupt or not subject to the jurisdiction of any federal court. 42 U.S.C. § 9608(c)(2). As the plaintiffs concede, the government has not passed the regulations necessary to put § 9608 into effect.

**5.** La.R.S. 22:655 (West Supp.1991). Louisiana is one of a very few states which permits a suit directly against an insurer.

**6.** The question before the Court is whether the Court should borrow an existing state law to fill in the interstices of CERCLA or to fashion a federal rule of decision. *United States v. Little Lake Misere Land Co.,* 412 U.S. 580, 593–95, 93 S.Ct. 2389, 2397–98, 37 L.Ed.2d 187 (1973).

**7.** Plaintiffs rely on cases in which federal courts have previously borrowed state direct action statutes because they did not conflict with any substantive feature of admiralty law. *See Steelmet, Inc. v. Caribe Towing Corp.,* 779 F.2d 1485, 1487 (11th Cir.1986).

**8.** *Continental Oil Co. v. London Steam–Ship Owners' Mut. Ins. Ass'n,* 417 F.2d 1030 (5th Cir. 1969), *cert. denied,* 397 U.S. 911, 90 S.Ct. 911, 25 L.Ed.2d 92 (1970).

**9.** Pub.L.No. 99–499, Title I, §§ 108, 127(c), 100 Stat. 1613, 1631, 1692 (1986).

and unambiguous meaning.[10] The Court's function is to interpret the law and not to amend or supplement a law enacted by the Congress. For this Court "[t]o supply omissions transcends the judicial function."[11] Moreover, § 9613(f)(1) explicitly provides that CERCLA contribution claims "shall be governed by Federal Law." For these reasons, the Court declines to apply the Louisiana Direct Action Statute, La. R.S. 22:655, to the claim filed under CERCLA against the insurers in this case.

■ Even if it was appropriate to supplement CERCLA with a state law rule allowing direct actions against insurance companies, the Court finds that the Louisiana Direct Action Statute would not by its own terms apply to a CERCLA contribution claim. Louisiana Revised Statute 22:655 provides that "[t]he injured person ... shall have a right of direct action against the insurer...."[12] "It is also the intent of this Section ... to give protection and coverage to all insureds ... for any legal liability said insured may have as or for a tortfeasor...."[13] Defendants contend that a CERCLA claim sounds in equity and not in tort. Courts are sharply divided as to whether response and cleanup costs under CERCLA are recoverable as damages under a general liability insurance policy.[14] These cases, however, turn on the interpretation of the term "damages" in an insurance policy and what it encompasses under state law, rather than on a CERCLA claim itself, which sounds in tort or equity.[15]

It is not necessary for the Court to resolve the character of the CERCLA claim at this time. The Louisiana Direct Action Statute has been held to be inapplicable to: (1) claims for breach of contract and indemnity claims;[16] and, (2) contribution claims, even among joint tortfeasors who "are not entitled to claim the benefit of the direct action statute as an 'injured person.'"[17] Thus, the Court finds that the plaintiffs failed to state a claim against Morey & Companies for which relief can be granted under CERCLA and the Louisiana Direct Action Statute.

For the foregoing reasons, PAMS's and C.T., Inc.'s first cause of action against Morey & Companies must be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure.[18]

### B. State Law Causes of Action.

■ Plaintiffs also assert several state law causes of action against Morey & Companies in their capacity as the insurers of Chotin.[19] The Court has previously ruled that it does not have diversity jurisdiction in this case. The Court has also found that the plaintiffs' federal cause of action against Morey & Companies must be dismissed for failure to state a claim. Since

---

10. See supra note 3 and accompanying text.

11. West Virginia Univ. Hosp., — U.S. at —, 111 S.Ct. at 1148 (quoting Iselin v. United States, 270 U.S. 245, 250–51, 46 S.Ct. 248, 250, 70 L.Ed. 566 (1926)).

12. La.R.S. 22:655 B(1) (West Supp.1991).

13. Id. § 655 D. See also Quinlan v. Liberty Bank & Trust Co., 575 So.2d 336 (La.1990).

14. See Avondale Indus., Inc. v. Travelers Indem. Co., 887 F.2d 1200, 1206–07 (2d Cir.1989), cert. denied, — U.S. —, 110 S.Ct. 2588, 110 L.Ed.2d 269 (1990) (CERCLA costs recoverable); cf. Cincinnati Ins. Co. v. Milliken & Co., 857 F.2d 979, 980–81 (4th Cir.1988) (CERCLA costs, as equitable remedy, not recoverable); Continental Ins. Cos. v. Northeastern Pharmaceutical & Chem. Co., 842 F.2d 977, 985–87 (8th Cir.) (en banc), cert. denied, 488 U.S. 821, 109 S.Ct. 66, 102 L.Ed.2d 43 (1988).

15. See Avondale, 887 F.2d at 1207.

16. Taylor v. Fishing Tools, Inc., 274 F.Supp. 666, 673 (E.D.La.1967); Pennsylvania Fire Ins. Co. v. Underwriters at Lloyd's London, 140 So.2d 212, 215 (La.App.4th Cir.1962).

17. Rouley v. State Farm Mut. Automobile Ins. Co., 235 F.Supp. 786, 791 (W.D.La.1964); see also Brown v. New Amsterdam Casualty Co., 243 La. 271, 275–76, 142 So.2d 796, 797–98 (1962).

18. In dismissing the suit against Morey & Companies, the Court is only finding that the plaintiffs may not sue directly. The Court is not determining whether Morey & Companies' policies provide coverage for the CERCLA claim or any other claim directed by the plaintiffs in this case.

19. See supra page 888 of this opinion.

the federal claim has been dismissed, the Court does not have subject matter jurisdiction over Morey & Companies unless the Court has jurisdiction under pendent party jurisdiction. In *Finley v. United States*, 490 U.S. 545, 109 S.Ct. 2003, 104 L.Ed.2d 593 (1989), the United States Supreme Court found that pendent party jurisdiction does not exist. The recent amendments to Title 28 of the United States Code created § 1367, which overrules *Finley*.[20] However, § 1367 does not apply to this suit because the suit was filed prior to the effective date of the statute.[21] Consequently, the Court lacks subject matter jurisdiction over the pendent party claims.

The Court finds that the state law claims raise important issues of state law which should be tried in state court. These issues include the plaintiffs' right to recover under Louisiana Revised Statutes 30:2271 *et seq.*, commonly known as the Louisiana Liability for Hazardous Substance Remedial Act, and various provisions of the Louisiana Civil Code. Even if § 1367 were applicable, the provisions of § 1367(c) would support the Court's decision not to exercise jurisdiction over the state law claims. Furthermore, if the Court would have pendent claim jurisdiction as compared to pendent party jurisdiction, the Court, for the reasons previously given, would decline to exercise pendent jurisdiction over the state law claims in this case.

### III. Conclusion

The Court finds that the plaintiffs' federal cause of action against Morey & Companies under CERCLA must be dismissed. The Court further finds that the plaintiffs may not assert a CERCLA claim under the Louisiana Direct Action Statute against Morey & Companies in their capacity as the insurers of Chotin. Finally, the Court finds it has no subject matter jurisdiction over Morey & Companies for the state law claims asserted.

**20.** Judicial Improvements Act of 1990, Pub. L.No. 101–650, Title III, § 310(a), 104 Stat. 5089, 5113. *See* D. Siegel, *Practical Commentary,* "The 1990 Adoption of § 1367, Codifying 'Supplemental' Jurisdiction," following text of 28 U.S.C.A. § 1367 (West Supp.1991).

Therefore:

IT IS ORDERED that the motion of Morey & Companies to dismiss for lack of jurisdiction is DENIED.

IT IS FURTHER ORDERED that the motion of Morey & Companies to dismiss for failure to state a claim under CERCLA is GRANTED.

IT IS FURTHER ORDERED that all of the state law claims are DISMISSED without prejudice for lack of subject matter jurisdiction, or in the alternative, because the Court declines to exercise pendent jurisdiction over the state law claims.

**21.** Section 310(c) of the Judicial Improvements Act of 1990, *supra* note 20, mandates that § 1367 "shall apply to civil actions commenced on or after the date of the enactment of this Act [December 1, 1990]." This action was commenced on June 6, 1989.