**Eugene E. PITTMAN, et al.**

v.

**PORT ALLEN MARINE SERVICES, et al.**

**Civ. A. No. 91–385–B.**

United States District Court, M.D. Louisiana.

May 1, 1992.

John W. deGravelles, Baton Rouge, La., Patrick W. Pendley, Trial Atty., Plaquemine, La., for plaintiffs.

Hal C. Welch, Trial Atty., Kent B. Ryan, New Orleans, La., for Port Allen Marine Service, Inc.

Thomas G. Buck, Metairie, La., for Avondale Industries.

Laura K. Austin, Preis & Kraft, Lafayette, La., for Port Allen River Plant, Inc.

W.J. Darzelere, Jr., T. Justin Simpson, Metairie, La., for Hollywood Marine, Inc.

### RULING ON PLAINTIFF'S MOTION TO REMAND

POLOZOLA, District Judge.

This suit was originally filed in state court as an "admiralty or general maritime claim under federal law"[1] by Eugene E. Pittman.[2] Plaintiff contended in the state court petition that he was injured while working aboard a barge floating in navigable waters.

The defendants timely removed this suit to federal court. Defendants argue that their removal is proper because plaintiff's claim is cognizable only in admiralty thereby giving rise to exclusive federal jurisdiction. Defendants contend that plaintiff designated the state court lawsuit as an admiralty and general maritime claim pursuant to article 1732(6) of the Louisiana Code of Civil Procedure thereby invoking the original and exclusive admiralty jurisdiction of the federal court. This matter is now before the Court on motion to remand that was timely filed by plaintiff.

This case presents a most difficult legal issue to the Court which apparently is res nova. Because of its complexity, the Court believes it is necessary to discuss and analyze various issues pertaining to the jurisdiction of the federal court in admiralty proceedings. Specifically, the Court must determine the conditions under which federal courts exercise exclusive jurisdiction over admiralty actions. The Court must also ascertain whether plaintiff has plead in the state court petition a claim based on admiralty or general maritime law or whether plaintiff seeks in the state court suit a remedy at law pursuant to the "saving to suitors" clause. Finally, the Court must consider whether the removal was proper.

Federal district courts have exclusive and original jurisdiction over admiralty and maritime cases.[3] The cornerstone of this rule is incorporated in Article III, § 2, cl. 1 of the United States Constitution which provides in relevant part that "[t]he judicial power of the United States shall extend ... to all cases of admiralty and maritime jurisdiction."

The statutory corollary to Article III of the United States Constitution, 28 U.S.C. § 1333(1), confers upon federal courts the "exclusive jurisdiction over claims under the general maritime law."[4] However, this general rule is modified by the "saving to suitors" clause found in § 1333(1).[5] The "saving to suitors" clause originally was intended to "save" for the litigant "the right of a common law remedy, where the common law is competent to

1. Plaintiff's Petition, Paragraph 1, Suit Number 23258–D, Filed in the 18th Judicial District Court, Parish of West Baton Rouge, State of Louisiana.

2. Plaintiff filed this suit on his own behalf and as administrator of the estate of his minor children, Anne Walker Pittman and Joey Walker Pittman, and his wife, Ellen Blanyer Pittman.

3. 28 U.S.C. § 1333(1) provides that:

The district courts shall have original jurisdiction, exclusive of the courts of the States, of: (1) Any civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to they are otherwise entitled.

4. *Temple Drilling Co. v. Louisiana Ins. Guar. Ass'n,* 946 F.2d 390, 394 (5th Cir.1991).

5. *Supra,* at 3.

give it." [6] The rule has now been interpreted to allow a plaintiff in a personal injury suit which is cognizable in admiralty to bring a civil action in state court or to bring an action "at law" in federal court if diversity of citizenship exists under 28 U.S.C. § 1332.[7] Under either situation, the courts have held that the "saving to suitors" clause does no more than preserve the right of maritime suitors to pursue non-maritime remedies.[8] Indeed, the courts have found that the saving to suitors clause does not guarantee plaintiffs a non-federal forum.[9]

When Article III was adopted, the framers of the Constitution included the phrase "all cases of admiralty and maritime jurisdiction" for very specific purposes. The federal court's jurisdiction over non-maritime cases arising ashore was limited. The framers also sought to preclude a revival of instances whereby common law courts encroached upon the Court's admiralty jurisdiction as was done earlier in England when separate systems of courts were maintained.[10] The exclusive reservation of admiralty jurisdiction to federal courts means that only federal courts may exercise the powers of a court of admiralty in trying such cases.[11] Therefore, state court judges may not sit "in admiralty."

The language employed in the state court petition is cited to determine whether the federal court has exclusive jurisdiction over plaintiff's claim. As noted earlier, plaintiff stated in his state court action that his claims were "admiralty or maritime claims under federal law." Although plaintiff has stated his claims to be "admiralty or maritime claims under federal law," he does not set forth any federal statute or law to support the allegation. General admiralty or maritime claims do not arise under federal law although such claims are cognizable in federal court.[12]

The confusion surrounding plaintiff's designation of the claims as admiralty or maritime claims under federal law is heightened by the fact that he also stated in the state court petition that this is a "saving to suitors" case. A claimant who holds an in personam claim under the admiralty jurisdiction of federal courts may choose to bring a suit at law in state court. However, the "saving to suitors" clause does not permit a party to bring an admiralty action in state court thereby creating an admiralty side in the state court. A party is allowed to bring an action at law in state court which may also constitute an admiralty action in federal court *only if* the action is filed at law and not in admiralty. Such a distinction is very significant because of the jurisdictional limits which Article III and 28 U.S.C. § 1333 place upon state courts to entertain actions brought in admiralty.

The Court's ability to determine the relief sought by the plaintiff is hampered by the different pleading requirements set forth in the Louisiana Code of Civil Procedure and the Federal Rules of Civil Procedure. The Louisiana Code of Civil Procedure requires a plaintiff to plead the facts of the case without asserting the legal basis of relief in the initial petition.[13]

6. Section 9, Judiciary Act of 1789, 1 Stat. 76, 77.

7. 14 C. Wright, A. Miller & E. Cooper, FEDERAL PRACTICE AND PROCEDURE, § 3672 at 430–434 (1985); G. Gilmore & C. Black, THE LAW OF ADMIRALTY, § 1–13, at 37 (2d ed. 1975).

8. *Poirrier v. Nicklos Drilling Co.,* 648 F.2d 1063, 1065 (5th Cir.1981).

9. *Id.; The Moses Taylor,* 71 U.S. (4 Wall.) 411, 431, 18 L.Ed. 397 (1866). "It is not a remedy in the common law courts which is saved, but a common law remedy."

10. 1 S. Friedell, BENEDICT ON ADMIRALTY § 101 (7th ed. 1992).

11. 1 M. Norris, THE LAW OF MARITIME PERSONAL INJURIES § 5.15, at 290 (4th ed. 1990).

12. *Romero v. International Terminal Operating Co.,* 358 U.S. 354, 378, 79 S.Ct. 468, 483, 3 L.Ed.2d 368 (1959); *In re Dutile,* 935 F.2d 61, 63 (5th Cir.1991).

13. Louisiana Code of Civil Procedure art. 891 governs the pleading requirements for petitions filed in Louisiana state courts. The rules states in pertinent part:

It shall set forth the name, surname, and domicile of the parties; shall contain a short, clear, and concise statement of all causes of action arising out of, and of the material facts

However, the Federal Rules of Civil Procedure require a party to plead the basis of the federal court's subject matter jurisdiction in the complaint.[14] Louisiana pleading rules do not require such a designation because state courts are courts of general jurisdiction while federal courts are courts of limited jurisdiction. Moreover, Rule 9(h) of the Federal Rules of Civil Procedure specifically applies to "admiralty and maritime claims." Under Rule 9(h), a party may designate a claim "that is also within the jurisdiction of the district court on some other ground" as a claim "within the admiralty and maritime jurisdiction" of the Court.[15] Further, Rule 9(h) provides that if "the claim is cognizable only in admiralty, it is an admiralty or maritime claim for those purposes whether so identified or not."

The Louisiana Code of Civil Procedure now gives a plaintiff the right to preclude a defendant from seeking a jury trial if the plaintiff specifically designates the suit as an admiralty or general maritime claim.[16] The petition filed by the plaintiff in state court appears to be an attempt by plaintiff to keep the defendant from seeking a trial by jury. Plaintiff's petition provides in part:

> "This is a suit on an admiralty or general maritime claim under federal law that is brought in state court under the Federal 'Savings to Suitors' Clause for purposes of Article 1732(6) of the Louisiana Code of Civil Procedure."

The amendment to article 1732(6) of the Louisiana Code of Civil Procedure was adopted by the Louisiana legislature in 1988. The purpose behind the amendment to article 1732(6) is to provide state court maritime plaintiffs with the statutory right to control whether the parties will have a right to a trial by jury. In essence, article 1732(6) permits a party to bring an action "in admiralty" in state court.

■ To conclude that this is a "saving to suitors" case simply because of plaintiff's designation does not resolve the issue before the Court. It is the relief sought by a plaintiff and not the designation he makes in his state court petition that is important.[17] Louisiana has sought through the passage of article 1732(6) to provide the same method of trial in state court for maritime litigants that is afforded by a federal court exercising admiralty jurisdiction. The question that must be resolved is whether Louisiana's guarantee of a non-jury trial to maritime litigants "is a remedy which the common law is competent" to give within the meaning of the "saving to suitors" clause.

In *Lavergne v. Western Co. of North America, Inc.*,[18] the Louisiana Supreme Court recognized that a party's right to a jury trial was one of the remedies saved to a party under the "saving to suitors" clause. The Louisiana Supreme Court has also reaffirmed that in Louisiana the right

---

of, the transaction or occurrence that is the subject matter of the litigation; ... and shall conclude prayer for judgment for the relief sought.

The notes to the article provide that fact pleading is retained through Louisiana Code of Civil Procedure article 891.

**14.** Federal Rules of Civil Procedure 8(a).

**15.** Among the special rules which Rule 9(h) refers to when a case is designated as an admiralty or maritime claim are Fed.R.Civ.P. 14(c) (governing third party claims), Fed.R.Civ.P. 38(e) (governing the right to a jury trial), Fed.R.Civ.P. 82 ("an admiralty and maritime claim shall not be treated as a civil action for the purposes of Title 28, U.S.C. §§ 1391–93"), and the Supplemental Rules for Certain Admiralty and Maritime Claims.

**16.** Louisiana Code of Civil Procedure article 1732(6) which reads:

A trial by jury shall not be available in:
(6) A suit on an admiralty or general maritime claim under federal law that is brought in state court under a federal "saving to suitors" clause, if the plaintiff has designated that suit as an admiralty or general maritime claim.

**17.** An example of this distinction is a case where the plaintiff files a suit seeking an injunction with a demand for a jury trial designating the action as an common law action. Under such circumstances, the claim would be tried by the court despite the designation made by plaintiff. The fact finding procedure provided the litigant depends on the nature of the relief sought and not necessarily on designations that plaintiffs make in their complaint.

**18.** 371 So.2d 807, 811 (La.1979).

to trial by jury is fundamental in character and courts should indulge in every presumption against a waiver, loss, or forfeiture of that right.[19] A party's right to a trial by jury was the remedy saved by the "saving to suitors" clause. Article 1732(6) eliminates this remedy by giving the plaintiff the sole right to determine whether a defendant may request a jury trial.

Whether a suit filed pursuant to article 1732(6) invokes the exclusive admiralty jurisdiction of federal courts has generated a split of authority among the federal district courts in Louisiana which have decided the issue. The Western District of Louisiana has ruled that a declaration made pursuant to article 1732(6) is a "Rule 9(h) declaration".[20] Under the Western District of Louisiana analysis, "the plaintiff essentially seeks a remedy in admiralty which the common law is not competent to give but which lies within the maritime jurisdiction reserved exclusively to the federal sovereign under the United States Constitution." [21]

Two decisions from the Eastern District of Louisiana and one decision from the Middle District of Louisiana have taken an opposite position by holding that a designation made under article 1732(6) has no jurisdictional significance. These courts have held that an election made under the "savings to suitors" clause opens the door to the state court and that "the plaintiff's mere exercise of a state procedural right that precludes one party's right to a jury trial, does not slam it shut." [22]

In both *Pellegrin* and *Reine*, which were decided in the Eastern and Middle Districts,

respectively, as well as in *Linton* decided by the Western District, the plaintiff sought relief based on the Jones Act [23] which is an "at law" remedy if brought in state court.[24] The *Pellegrin* and *Reine* cases do not resolve the issue in this case because the plaintiffs in both cases properly relied on and activated the "saving to suitors" clause by seeking relief under the Jones Act in state court.[25] Unlike the plaintiffs in *Pellegrin* and *Reine*, Pittman has not designated the remedy he seeks under any federal or state statute nor can this Court infer from the facts set forth in his state court petition that the plaintiff seeks any remedy based on state law. Pittman's failure to specifically designate the precise remedy sought under state or federal law raises a difficult question unique to this case—what weight should be given to a 1732(6) designation in the absence of any other jurisdictional statement or claim for relief?

The *Linton* decision also fails to resolve the unique issue pending before this Court. The plaintiff in *Linton* initially sought relief in state court based on the Jones Act. He later amended the petition to allow the claims to be "designated as admiralty or general maritime claims pursuant to Louisiana Code of Civil Procedure article 1732(6)". When the plaintiff unequivocally seeks in the state court an "at law" remedy, such as a claim filed under the Jones Act, the plaintiff's designation under article 1732(6) does not convert its action to an admiralty action.

19. *Champagne v. American S. Ins. Co.,* 295 So.2d 437, 439 (La.1974).

20. *Donald Gregory Linton v. Great Lake Dredge Dock Company,* et al., CA No. 90–1780, 1990 WL 300831, 1991 A.M.C. 967 (W.D.La., August 29, 1990); *Richard v. Garber Brothers, Inc.,* et al., CA No. 90–23511 (W.D.La., February 19, 1991).

21. *Linton,* 1990 WL 300831, at * 1.

22. *Timothy J. Pellegrin v. International Independent Towing, Inc.,* CA No. 88–5255 (E.D.La., March 3, 1989). *See also Billingsly v. Union Exploration Partners, Ltd.,* CA 90–3011–H (E.D.La., October 1, 1990), *appeal dismissed,* 946 F.2d 1544 (5th Cir.1991); *Jerry L. Reine v. Car-*

lines's Geismar Fleet, Inc., CA No. 90–844–A (M.D.La., October 23, 1990).

23. 46 U.S.C.App. § 688.

24. 14 C. Wright, A. Miller & E. Cooper, FEDERAL PRACTICE AND PROCEDURE, § 3676 at 514 (1985).

25. It is well established that if a Jones Act plaintiff chooses a state court forum, the defendant may not remove the case to federal court. 28 U.S.C. § 1445(a) provides that a civil action under 45 U.S.C. §§ 51–60 may not be removed to any district court and the Jones Act incorporates this provision.

A more helpful case which discusses the federal "saving to suitors" clause and the remedies saved therein is *Hebert v. Diamond M. Co.*[26] Relying on *Chelentis v. Luckenbach S.S. Company,*[27] the Louisiana First Circuit Court of Appeal held that "a remedy is the means employed to enforce a right to redress an injury." This is distinguished from a "right" which is "a well founded or acknowledged claim."[28] The criteria to determine whether a particular remedy is available to a maritime litigant under the saving to suitors clause in a non-admiralty court are: (1) The remedy must be one to which the litigant would otherwise be entitled under the law of the forum; and, (2) the remedy must not alter or conflict with the maritime or admiralty law which established the substantive rights of the parties.[29]

Unlike Pittman, the plaintiff in *Hebert* requested that his maritime claim be decided by a jury. Louisiana's First Circuit Court of Appeal held that Hebert was entitled to a jury trial because "a jury trial is a remedy to which a litigant is 'otherwise entitled'." The most important facet of the *Hebert* opinion is the state appellate court's recognition that a civil jury trial is a remedy. For a non-jury trial to be a remedy under the "saving to suitors" clause, it too must be a means employed to redress an injury to a non-maritime litigant. Since non-maritime plaintiffs may not deny defendants the right to a trial by jury, it

follows that Pittman's claim to a non-jury trial on the facts alleged in the state court petition is not a "remedy" available to a maritime litigant in a non-admiralty court. Therefore, the Court finds that the request for a non-jury trial in Louisiana state court under article 1732(6) is not a remedy saved to the plaintiff under the "saving to suitors" clause embodied in 28 U.S.C. § 1333(1).

It is clear Pittman was injured while on a barge situated on navigable waters. The obvious purpose for Pittman's 1732(6) statement was to invoke a unique procedural feature of admiralty jurisdiction: the request that there be a non-jury trial on his claim.[30] While this Court does not find the plaintiff's 1732(6) designation to be a statement of jurisdiction, the Court does recognize that the designation is the sole and uncontroverted statement of the plaintiff's claim. By designating the claim under 1732(6) and seeking a non-jury trial thereunder, the Court finds that the plaintiff has necessarily opted for a remedy found exclusively in the law of admiralty or general maritime law.[31]

In *Bodden v. Osgood,*[32] the United States Fifth Circuit Court of Appeals analyzed a personal injury case that was removed to federal court in order to ascertain whether the plaintiff had invoked the federal district court's admiralty jurisdiction. In deciding the validity of the removal, it is

---

**26.** 367 So.2d 1210 (La.App. 1st Cir.1978).

**27.** 247 U.S. 372, 38 S.Ct. 501, 62 L.Ed. 1171 (1918).

**28.** *Hebert,* 367 So.2d at 1215.

**29.** *Id.*

**30.** Chief Justice Marshall summarized the historic rule in *The Sarah,* 21 U.S. (8 Wheat) 391, 394, 5 L.Ed. 644 (1823) when he stated:

In all cases at common law, the trial must be by jury. In cases of admiralty and maritime jurisdiction, it has been settled, in the cases of *The Vengeance,* (reported in 3 Dallas 297 [1 L.Ed. 610]); *The Sally* (in 2 Cranch 406 [2 L.Ed. 320]); and *The Betsy and Charlotte* (in 4 Cranch 443 [2 L.Ed. 673]); that the trial is to be by the Court. Although the two jurisdictions are vested in the same tribunal, they are

as distinct from each other as if they were vested in different tribunals, and can be no more blended, than a Court of Chancery with a Court of Common Law. (citations omitted).

**31.** In this regard, the Court declines to follow the decision rendered by the Louisiana First Circuit Court of Appeal in *Sons v. Inland Marine Service, Inc.,* 577 So.2d 225 (La.App. 1 Cir.1991). In *Sons,* the court held that state courts have concurrent jurisdiction over actions brought in admiralty so long as such actions are brought *in personam.* A fair reading of 28 U.S.C. § 1333 gives federal courts exclusive jurisdiction over "*any* civil case of admiralty or maritime jurisdiction". (Emphasis added) State courts have concurrent jurisdiction over claims which are cognizable under federal admiralty jurisdiction *only* if the claim is brought *at law* in state court and not *in admiralty.*

**32.** 879 F.2d 184 (5th Cir.1989).

**600**

significant that the Fifth Circuit Court of Appeals applied Rule 9(h) of the Federal Rules of Civil Procedure to determine whether the plaintiff's state court petition invoked the admiralty jurisdiction of the federal court. The Fifth Circuit held that an admiralty claim in state court with a request for a jury trial was inconsistent with the invocation of admiralty jurisdiction under Rule 9(h). The operative fact in the *Bodden* case was the plaintiff's demand for a jury trial. Implicit in the Fifth Circuit's opinion is the recognition that a plaintiff can invoke a federal court's admiralty jurisdiction in a state court petition.

Contrary to the plaintiff's actions in *Bodden*, Pittman has joined his admiralty claim with a request that the case be heard without a jury. The clearest indication from the Fifth Circuit as articulated in the *Bodden* decision is that by combining Pittman's admiralty claim with an affirmative request for a non-jury trial, Pittman has invoked the admiralty jurisdiction of the federal court.

Although this Court has found that plaintiff has invoked the admiralty jurisdiction of this Court, this does not mean the Court can exercise subject matter jurisdiction in this case. Recently, this Court held:

> In order for a federal district court to have subject matter jurisdiction, it is necessary that the Constitution grant to the court the capacity to take jurisdiction, and an Act of Congress must supply it. "To the extent that such action is not taken, the power lies dormant." [33]

As the record reflects, the defendants timely removed this case to federal court from the 18th Judicial District Court. The defendants contend that removal was proper under the provisions of 28 U.S.C. § 1441(b), which provides:

> Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties, or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if one of the parties in interest properly joined and served as defendants is a citizen of the State in which the action is brought.

However, the defendants overlook *Romero v. International Terminal Operating Co.*[34] wherein the United States Supreme Court held that maritime common law claims do not arise under the Constitution, laws or treaties of the United States for purposes of 28 U.S.C. § 1331.[35] The holding in *Romero* has been extended to removal actions under § 1441(b)[36].

Assuming that this is a claim within the original and exclusive jurisdiction of the federal court, it is necessary for the defendants to strictly comply with the provisions of 28 U.S.C. § 1441. Thus, the Court finds that this suit falls within the Court's original and exclusive jurisdiction pursuant to 28 U.S.C. § 1333. The Court also finds that the first sentence of § 1441(b) does not apply under the facts of this case. The second sentence of § 1441(b) does apply. Thus, this action can be removed "only if none of the parties joined and served as defendants is a citizen of the State in which the action is brought."[37]

The second sentence of § 1441(b) prohibits a removal if one of the defendants is from the forum state. Port Allen Marine

**33.** *FSLIC v. Shelton,* 789 F.Supp. 1367 (M.D.La. 1992) (citing *The Mayor v. Cooper,* 6 Wall 247, 252, 18 L.Ed. 851 (1867), *Kline v. Burke Construction Company,* 260 U.S. 226, 233–234, 43 S.Ct. 79, 82–83, 67 L.Ed. 226 (1922); *Finley v. United States,* 490 U.S. 545, 109 S.Ct. 2003, 104 L.Ed.2d 593 (1989)).

**34.** 358 U.S. 354, 374, 79 S.Ct. 468, 483, 3 L.Ed.2d 368 (1959).

**35.** *See In re Dutile,* 935 F.2d 61, 63 (5th Cir. 1991) ("Emphatically, claims in admiralty, whether designated in rem or in personam, do not fall within this category,"). *See also Giacona v. Capricorn Shipping Co.,* 394 F.Supp. 1189 (S.D.Tex.1975).

**36.** *Dutile* at 63; *McAllister Brothers, Inc., v. Ocean Marine Indemnity Co.,* 742 F.Supp. 70, 75–76 (S.D.N.Y.1989).

**37.** *Dutile* at 63; C. Wright, A. Miller & E. Cooper, § 3674 at 463; F. Maraist, ADMIRALTY IN A NUTSHELL at 354 (2d ed. 1988).

Service, Inc. and Port Allen River Plant, Inc.[38] were incorporated in Louisiana and must be treated as Louisiana residents for purposes of removal.[39] Since two of the defendants are from Louisiana, removal was clearly improper in this case.[40]

The Court recognizes the jurisdictional void presented by the Court's interpretation of § 1333 and § 1441 since it is possible to find exclusive subject matter jurisdiction over a case while remanding the case to state court for improper removal. Indeed, such an "anomaly" has been recognized the United States Court of Appeals for the Fifth Circuit in the *Dutile* case.[41] This Court may not and will not enlarge its own power to entertain cases removed from state court by ignoring the clear terms of 28 U.S.C. § 1441(b). As this Court has previously stated:

> The Court's function is to interpret the law and not to amend or supplement a law enacted by the Congress. For this Court "[t]o supply omissions transcends the judicial function." [42]

THEREFORE, IT IS ORDERED that the plaintiff's Motion to Remand is GRANTED and the case is hereby remanded to the Eighteenth Judicial District Court, Parish of West Baton Rouge, State of Louisiana. The Court will withhold judgment in this case for a period of 20 days to allow either party to petition this Court to certify the matter to the Fifth Circuit Court of Appeals under 28 U.S.C. § 1292(a)(3) or § 1292(b).

---

**38.** The plaintiff also sued John Doe Towing Co., Inc. However, 28 U.S.C. § 1441(a) mandates that "the citizenship of defendants sued under fictitious names shall be disregarded."

**39.** 28 U.S.C. § 1332(c)(1).

**40.** The presence of defendants who are residents of Louisiana is a "defect in removal procedure" rather than a deficiency in the Court's subject matter jurisdiction. *See In re Shell Oil Co.,* 932 F.2d 1518 (5th Cir.1991).

**41.** 935 F.2d at 63.

**42.** *FSLIC v. Shelton,* 789 F.Supp. 1360, 1363 (M.D.La.1992); *Port Allen Marine Services, Inc. v. Chotin,* 765 F.Supp. 887, 890 (M.D.La.1991) (citing *West Virginia Hospitals, Inc. v. Casey,* —— U.S. ——, 111 S.Ct. 1138, 1148, 113 L.Ed.2d 68 (1991) (quoting *Iselin v. United States,* 270 U.S. 245, 250–51, 46 S.Ct. 248, 250, 70 L.Ed. 566 (1926))).