**ALLIED CORPORATION, et al.**

v.

**ENVIRONMENTAL PURIFICATION ADVANCEMENT CORPORATION, et al.**

**UNITED STATES of America,**

v.

**Cyril HINDS.**

**Civ. A. Nos. 91–727–B, 92–864–B.**

United States District Court,
M.D. Louisiana.

March 9, 1994.

Leonard L. Kilgore, III, Kean, Miller, Hawthorne, D'Armond, McCowan & Jarman, Baton Rouge, LA, for Arco Chemical Co., American Cyanamid Co., BASF Corp., Betz Laboratories, Borden, Inc., Cedar Chemical Corp., Peabody Intern. Corp., Placid Refining Co., Reagent Chemical & Research, Inc., Rollins Environmental Services, (LA), Inc., Shell Oil Co., Stauffer Chemical Co., Tenneco Oil Co., Texaco, Inc., Triad Chemical, Uniroyal Chemical Co., Velsicol Chemical Corp., Mobil Oil Corp., Mobil Oil Exploration & Production Southeast, Moepsi, Monsanto Co., Nalco Chemical Co., National Marine Service, New Orleans Public Service, Inc., Nordix, Inc., North America Philips Corp., Occidental Chemical Corp., Occidental Electrochemicals Corp., Ohmstede of La, Inc., Chemical Waste Management, Inc., Chevron USA, Inc., Chevron Chemical Co., Ciba–Geigy Corp., Cities Services Oil & Gas, Conoco, Inc., Cos–Mar Co., Degussa Corp., Dow Chemical Co., Earth Industrial Waste Management, Ethyl Corp., Exxon Chemical Americas, Freeport McMoran Resources Partners, General Elec. Co., Halliburton Services, Helena Chemical Co., Hercules, Inc., ICI Americas, Inc., Ingalls Shipbuilding, Inc., Kaiser Aluminum and Chemical Corp., Marathon Petroleum Co., Melamine Chemicals, Inc., Vinings Chemical Co., Vulcan Chemical Co., Weatherford U.S., Inc., Zapata Haynie Corp.

Leonard L. Kilgore, III, Katherine W. King, Kean, Miller, Hawthorne, D'Armond, McCowan & Jarman, Baton Rouge, LA, for all plaintiffs.

John Joseph Gaupp, Dept. of Justice, Office of the U.S. Atty., Baton Rouge, LA, David L. Fishel, U.S. Dept. of Justice, Environmental Enforcement Section, Washington, DC, for U.S.

Drew M. Louviere, Baton Rouge, LA, for Environmental Purification Advancement Corp., EPAC.

A. Hays Town, III, Drew M. Louviere, James S. Burland, James S. Burland & Associates Inc., Baton Rouge, LA, for Clean Land Air Water Corp.

R. Christopher Martin, The Martin Group, Thomas James Wagner, John I. Goodwin, Wagner, Bagot & Gleason, New Orleans, LA, for Highlands Ins. Co.

Mazie Toussaint–Roberson, James S. Burland, James S. Burland & Associates, Inc., Baton Rouge, LA, for Cyril Hinds.

Cyril Hinds, pro se.

John P. Wolff, III, Keogh, Cox & Wilson, Ltd., Baton Rouge, LA, for Admiral Ins. Co.

John Dale Powers, Mary Amrhein Cazes, Powers, Vaughn, Clegg, Guerry & Willard, Baton Rouge, LA, for Mount Vernon Ins. Co.

## RULING ON MOTIONS FOR SUMMARY JUDGMENT

POLOZOLA, District Judge.

This matter is before the Court on motions for summary judgment filed by Mount Vernon Fire Insurance Company (Mt. Vernon) and Admiral Insurance Company (Admiral). For reasons which follow, the Court finds that the motions should be granted.

### I. Facts and Procedural History

Environmental Purification Advancement Corporation (EPAC) and Clean Land Air Water Corporation (CLAW) disposed of hazardous wastes at the Bayou Sorrel Site in the late 1970's. After a truck driver died while delivering wastes to the site, the Environmental Protection Agency (EPA) closed the site. In 1988, the United States sued and

obtained a consent decree against several parties responsible for the problems at the waste-site.

These parties, who will be referred to as the Allied plaintiffs, then sued: EPAC and CLAW, as the entities responsible for the hazardous waste disposal; Cyril Hinds, as the owner and/or operator of EPAC and CLAW; and Admiral and Mt. Vernon, as insurers of EPAC. Cyril Hinds filed cross-claims against Admiral and Mt. Vernon. Admiral and Mt. Vernon have now filed motions for summary judgment as to the claims brought by the Allied plaintiffs. Admiral and Mt. Vernon also filed supplemental motions for summary judgment as to the cross-claims filed by Cyril Hinds. The Court has subject matter jurisdiction in this case under 28 U.S.C. § 1331.

## II. Motions for Summary Judgment as to the Claims of the Allied Plaintiffs

The Allied plaintiffs contend that Mt. Vernon and Admiral are liable as the insurers of EPAC under the Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA).[1] Specifically, the plaintiffs contend that Mt. Vernon and Admiral are responsible parties within the meaning of 42 U.S.C. § 9607(a). The plaintiffs also seek contribution against Mt. Vernon and Admiral under 42 U.S.C. § 9613(f).

In *Port Allen Marine Services, Inc. v. Chotin*,[2] this Court held that insurers of potentially responsible parties may not be sued directly under § 9607(a) of CERCLA.[3] For the reasons set forth in *Chotin*,[4] summary judgment should be granted as to the Allied plaintiffs' claims against Mt. Vernon and Admiral under § 9607(a) of CERCLA.

Furthermore, the Allied plaintiffs' claims against Mt. Vernon and Admiral for contribution under § 9613(f) of CERCLA are similarly barred. Section 9613(f)(1) provides, in pertinent part:

Any person may seek contribution from any other person who is liable or potentially liable under section 9607(a) of this title, during or following any civil action under section 9606 of this title or under section 9607(a) of this title.

Under the express language of § 9613(f)(1), a person may only seek contribution from another person who is liable or potentially liable under § 9607(a). As this Court found in *Chotin*, insurers are not liable or potentially liable under § 9607 of CERCLA. Therefore, the Allied plaintiffs have no claim for contribution against Mt. Vernon or Admiral under § 9613(f) of CERCLA.

The remaining claims of the Allied plaintiffs against Mt. Vernon and Admiral are based on state law. Specifically, plaintiffs seek contribution and indemnity against all defendants under La.Civ. Code arts. 1786–1806. Furthermore, plaintiffs seek to recover twice their portion of remedial costs pursuant to the Louisiana Liability for Hazardous Substance Remedial Action Act.[5]

Federal courts may, under limited circumstances, exercise jurisdiction over state law claims under 28 U.S.C. § 1367(a).[6] However, § 1367(c) provides that a district court may decline to exercise supplemental jurisdiction over a claim under subsection (a) if the claim raises a novel or complex issue of state law or if the district court has dismissed all claims over which it has original jurisdiction. District courts enjoy wide discretion in determining whether to retain sup-

---

1. 42 U.S.C.A. §§ 9601–9675 (West 1983 & Supp. 1993).

2. 765 F.Supp. 887 (M.D.La.1991).

3. *Chotin*, 765 F.Supp. at 889–890; See also *American Policyholders Ins. Co. v. Nyacol Prods., Inc.*, 989 F.2d 1256, 1263 (1st Cir.1993), where the First Circuit Court of Appeals relied on *Chotin* to find that CERCLA does not provide a direct cause of action against a responsible party's liability insurer.

4. *Chotin*, 765 F.Supp. at 889; See also *Pittman v. Port Allen Marine Serv.*, 794 F.Supp. 593, 601 (M.D.La.1992) ("The Court's function is to interpret the law and not to amend or supplement a law enacted by the Congress. For this Court 'to supply omissions transcends the judicial function.' ")

5. La.R.S. 30:2271–2281 (1988 & Supp.1993).

6. A district court may properly exercise supplemental jurisdiction over state law claims that are part of the same case or controversy over which the district court has original jurisdiction.

plemental jurisdiction over state claims once all federal claims are dismissed.[7]

■ In the present case, the Court finds that the state law claims raise complex issues of state law which should be tried in state court. These issues include the plaintiffs' right to recover under La.R.S. 30:2271–2281, and various provisions of the Louisiana Civil Code. Furthermore, the Court has dismissed all federal claims brought by the Allied plaintiffs against Mt. Vernon and Admiral. Since the Court has dismissed all claims against these defendants over which this Court had original jurisdiction, the Court declines to exercise its supplemental jurisdiction over the Allied plaintiffs' state law claims against Mt. Vernon and Admiral. Therefore, the plaintiffs' state law claims should be dismissed without prejudice.

### III. Motions for Summary Judgment as to the Crossclaims of Cyril Hinds

■ In August, 1993, Cyril Hinds filed crossclaims against Mt. Vernon, Admiral and Highlands Insurance Company. These crossclaims, which asserted claims against other defendants to the litigation, were erroneously entitled "third-party" demands by Hinds. Admiral and Mt. Vernon each filed motions for summary judgment as to the crossclaims of Hinds.

Hinds has no claim for contribution under 42 U.S.C. § 9613(f) against Mt. Vernon or Admiral because insurers are not liable or potentially liable under § 9607(a) of CERCLA.[8] Any claims that Hinds may pursue against Mt. Vernon or Admiral must arise under state law. For reasons set forth above, the Court declines to exercise its supplemental jurisdiction over these state law claims.

### IV. Conclusion

In summary, the Court finds the motions for summary judgment by Mt. Vernon and Admiral should be granted dismissing with prejudice the Allied plaintiffs' claims under CERCLA. The Court also declines to exercise its supplemental jurisdiction over the Allied plaintiffs' state law claims against Mt. Vernon and Admiral. Therefore, these state law claims should be dismissed without prejudice.

Cyril Hinds' crossclaims against Mt. Vernon and Admiral are also dismissed. The claim asserted under 42 U.S.C. § 9613(f) is dismissed with prejudice. The Court declines to exercise its supplemental jurisdiction over the state law claims asserted by Cyril Hinds. Therefore, these state claims should also be dismissed without prejudice.

Therefore:

IT IS ORDERED that Mt. Vernon and Admiral's motions for summary judgment are hereby GRANTED as to the Allied plaintiffs' claims under CERCLA. The plaintiffs' claims under CERCLA against Mt. Vernon and Admiral shall be dismissed with prejudice.

IT IS FURTHER ORDERED that the Allied plaintiffs' state law claims against Mt. Vernon and Admiral shall be dismissed without prejudice.

IT IS FURTHER ORDERED that Mt. Vernon and Admiral's motions for summary judgment are hereby GRANTED as to any claims Cyril Hinds may have asserted under CERCLA. Hinds' claims under CERCLA against Mt. Vernon and Admiral shall be dismissed with prejudice.

IT IS FURTHER ORDERED that Cyril Hinds' state law claims against Mt. Vernon and Admiral shall be dismissed without prejudice.

---

7. *Noble v. White*, 996 F.2d 797, 799 (5th Cir. 1993); see also *Rodriguez v. Pacificare of Tx., Inc.*, 980 F.2d 1014, 1018 n. 4 (5th Cir.1993) ("We emphasize that supplemental jurisdiction is a matter to be exercised at the discretion of the district court. There are a myriad of instances where remand of state claims may be appropriate....")

8. See section II of this opinion.