**CITY OF NEW ORLEANS**

v.

**William F. KERNAN, Jr., et al.**

**Civil Action No. 95–1050.**

United States District Court,
E.D. Louisiana.

Feb. 2, 1996.

Gregory Carl Weiss, Kathryn Montez Caraway, Weiss & Eason, New Orleans, LA, Sharon F. Moore, Tulane University Medical Center, New Orleans, LA, for plaintiff.

Jacques Francois Bezou, Bezou & Matthews, Mandeville, LA, for Emma Augusta Brierre.

Susan Faye Clade, Robert M. Rosenberg, Polack, Rosenberg & Endom, New Orleans, LA, for Orleans Parish School Board.

Henry Philip Julien, Jr., Julien & Julien, New Orleans, LA, for Housing Authority of New Orleans.

Robert Seth Reich, William Breen Hidalgo, Reich, Meeks & Treadaway, Metairie, LA, for Boh Brothers Construction Company, Inc.

Philip E. Henderson, Henderson, Hanemann & Morris, Houma, LA, for The Gray Insurance Company, International Surplus Lines Insurance Company, The North River Insurance Company.

Gary M. Zwain, Duplass, Witman, Zwain & Williams, P.L.C., Metairie, LA, Richard W. Bryan, Douglas C. McAllister, Jackson & Campbell, Washington, DC, for National Union Fire Insurance Company of Pittsburgh, PA.

John Robert Martzell, Regina O. Matthews, Martzell & Bickford, New Orleans, LA, for Louise Levy.

### ORDER AND REASONS

FALLON, District Judge.

Before the Court is defendant National Union Fire Insurance Company's (National Union) motion to dismiss on the grounds that this Court lacks subject-matter jurisdiction to hear this matter. This motion was taken under submission on November 29, 1995 on the briefs. For the following reasons, the defendant National Union's motion to dismiss is GRANTED in part and DENIED in part.

### BACKGROUND

In March of 1995, the City of New Orleans (City) filed a complaint in this court alleging that various persons and entities were responsible for contamination at the Agriculture Street Landfill site. One of the parties named was Boh Brothers Construction Company. The jurisdictional basis of the complaint is federal question. see 28 U.S.C. § 1331. The plaintiff claims it has a cause of action against the defendants arising under the Comprehensive Environmental Response, Compensation and Liability Act (CERCLA) and various other state law remedies. see 42 U.S.C. §§ 9607 et seq.

In August 1995, the City amended its complaint adding the insurers of Boh Brothers Construction. This amendment brought defendant National Union into the case as an insurer of Boh Brothers. National Union

has never had any contact with the property in question and thus could not be liable as an owner or operator under CERCLA. Nevertheless, the City sued National Union, under the Direct Action Statute, alleging both CERCLA and state law negligence claims. La.Rev.Stat.Ann. § 22:655 (West 1995).

Defendant National Union argues that it may not be named as a defendant to the CERCLA claim for two reasons: (1) there is no right of direct action under CERCLA and (2) even if CERCLA allowed direct action, the direct action statute does not apply to contribution cases. These arguments are based on *Port Allen Marine Services, Inc. v. Chotin,* 765 F.Supp. 887 (M.D.La.1991) which directly addressed the issue of the use of Louisiana's Direct Action Statute in CERCLA cases.

## ANALYSIS

### A. CERCLA AND DIRECT ACTION

*Port Allen Marine Services v. Chotin* concerned a suit brought under CERCLA for contribution for environmental clean-up costs. In that case, the plaintiffs had sued the insurers of the defendant under Louisiana's Direct Action Statute. The insurer in *Port Allen* moved to dismiss the suit against them on the grounds that a party may not sue the insurer of an "owner or operator" under CERCLA using the Louisiana Direct Action Statute. *Port Allen,* 765 F.Supp. at 888.

After a thorough review of the CERCLA statue, the *Port Allen* court found that there is nothing in the text of CERCLA itself which creates a direct right of action against insurers in claims for contribution. *Id.* at 889. Section 9608(c) of CERCLA does allow a direct right of action against guarantors in limited circumstances when evidence of financial responsibility is provided. *see* 42 U.S.C. § 9608(c)(1) & (2). An insurer is not necessarily a guarantor under CERCLA. A guarantor is defined as "any person, other that the owner or operator, who provides evidence of financial responsibility for an owner or operator under this chapter." 42 U.S.C. § 9601(13). Considering the clear meaning of the statute, the *Port Allen* court logically concluded that Congress only in-tended to allow direct actions in cases involving guarantors as defined by CERCLA. *Id.*

Furthermore, § 9613(f)(1) explicitly provides that CERCLA contribution claims "shall be governed by federal law." *Id.* at 890. It states that "[a]ny person may seek contribution from any other person who is liable or potentially liable under section 9607(a)...." 42 U.S.C. § 9613(f)(1). The statute contains a list of covered persons in section 9607(a) and does not mention insurers.

In *Port Allen,* the court went on to state that even if CERCLA allowed a direct action, the Louisiana Direct Action Statute would not apply to a CERCLA contribution claim. 765 F.Supp. at 890. The direct action statute provides that injured persons have a right of direct action against the insurer. La.Rev.Stat.Ann. § 22:655 (West 1995). The *Port Allen* court stated that a party seeking contribution is not an "injured person" for the purposes of the Direct Action Statute, and is therefore not entitled to bring a direct action. *Port Allen,* 765 F.Supp. at 890.

■ The City and the other defendant insurance companies argue that CERCLA does not preempt application of the direct action statute. The plaintiff is correct in stating that absent explicit language in the federal statute, indications of pre-emption exist only where Congress has legislated so comprehensively that it has left no room for supplementary state legislation, and where state legislation would impede the purposes and objectives of Congress. *Gade v. National Solid Wastes Management Ass'n,* 505 U.S. 88, 98–99, 112 S.Ct. 2374, 2383, 120 L.Ed.2d 73 (1992); *R.J. Reynolds Tobacco Co. v. Durham County, N.C.,* 479 U.S. 130, 138–42, 107 S.Ct. 499, 506–07, 93 L.Ed.2d 449 (1986).

■ The ultimate task in any pre-emption case is to determine whether state regulation is consistent with the structure and purpose of the statute as a whole. *Gade,* 505 U.S. at 98–99, 112 S.Ct. at 2383. The City argues that CERCLA is not so encompassing as to preclude supplementary state legislation that is consistent with the structure and purpose of the statute. In support, the City refers to § 9614(a) of the Act which provides, "[n]oth-

ing in this chapter shall be construed or interpreted as preempting any State from imposing any additional liability or requirements with respect to the release of hazardous substances within such state." Thus, the plaintiff contends, a direct action provision which allows a party to impose liability on the insurer is not implicitly preempted and does not conflict with the goals of CERCLA.

■ As an example, they look to the Jones Act. *see* 46 U.S.C. § 688. The insurer of a Jones Act employer is not mentioned in the statute but direct action is allowed in Jones Act cases which occur on inland waters. *Lovless v. Employers' Liability Assurance Corp.*, 218 F.2d 714 (5th Cir.1955). While this in true, the Jones Act does not speak to direct actions within the body of the statute. *see* 46 U.S.C. § 688. In contrast, CERCLA specifically addresses when a direct action may be brought under that statute. *see* 42 U.S.C. § 9608(c).

CERCLA, as its name implies, provides a *comprehensive* framework for determining liability for environmental damage. CERCLA provides federal rights and remedies which are complete without state law supplementation. 765 F.Supp. at 889. While this statute does not represent total pre-emption, it does clearly preempt those areas of state law which it does specifically address. There is no omission in CERCLA that needs to be supplemented by state law in this area and to do so would be to perform a legislative and not a judicial function. *Port Allen*, 765 F.Supp. at 890.

### B. SUPPLEMENTAL JURISDICTION

If the direct action statute is found to be inapplicable to a CERCLA claim, defendant National Union argues that it should be dismissed from this suit because there is no other federal question or federal commerce subject matter jurisdiction as to it. Also, diversity of citizenship does not exist between the parties. National Union asks the Court to decline to use its discretion under the supplemental jurisdiction statute to hear any state law claims which might have been properly brought in this litigation. *see* 28 U.S.C. § 1367.

The supplemental jurisdiction statute provides that in any action in which the district court has original jurisdiction over the claims, it can exercise jurisdiction over all other claims that form part of the same case or controversy. 28 U.S.C. § 1367. The district court can decline to exercise supplemental jurisdiction over a state law claim if:

(1) the claim raises a novel or complex issue of state law,

(2) the claim substantially predominates over the claim over which the district court has jurisdiction,

(3) the district court dismissed all claims over which it had original jurisdiction, or

(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

Whether or not this Court should exercise its supplemental jurisdiction over the state law claims brought against defendant National Union is left to the sound discretion of the Court. National Union argues that supplemental jurisdiction is not proper in this case. They contend that because the claims against the insurers will involve complex insurance law issues which would be better handled by a Louisiana court.

■ The negligence and strict liability claims brought under Louisiana law against Boh Brothers are subject to Louisiana's Direct Action Statute and under state law National Union can be made a party to this action. *see* La.C.C. art. 2315 and 2317. These state law claims arise out of the same case or controversy as the CERCLA claim brought against Boh Brothers and all the other defendants. Supplemental jurisdiction (§ 1367) is applicable. This Court can and should retain jurisdiction over these state law claims against National Union in order to effect an orderly resolution to this litigation.

### CONCLUSION

The reasoning used by the *Port Allen* case was sound considering the comprehensive nature of the CERCLA statute. The CERCLA statute speaks to both the substantive and procedural aspects of its implementation

and it specifically discusses direct action. To allow Louisiana's Direct Action statute to be applied would be to supplement the CERCLA statute where it needs no supplementation considering that Louisiana's Direct Action Statute is both procedural and substantive in nature. *see Shockley v. Sallows*, 615 F.2d 233 (5th Cir.1980). Therefore, the defendant National Union's motion to dismiss the CERCLA claim against them is GRANTED.

Counts 3 and 4 of the plaintiff's complaint contain a state law negligence and strict liability claim. While there is no diversity jurisdiction present, jurisdiction would lie in this Court with this defendant under 28 U.S.C. § 1367 (supplemental jurisdiction) since the plaintiff's state law claims arise out of the same case or controversy as those claims which properly remain before the Court. Therefore, in regards to the plaintiff's remaining state law claims, the defendant National Union's motion to dismiss is DENIED.